# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

8:25-cv-3056-SDM-AEP

**IBRAHIM SHEHATTA GERGES FARAG**, Plaintiff, Pro Se

2528 Frederick Douglass Blvd
New York, NY 10030
Tel: (727) 244-9787
Email: ibrahim.topharman@gmail.com

**v.**

**ROBERT C. PERSANTE, ESQ.**, and **PERSANTE ZUROWESTE, P.A.**
2555 Enterprise Road, Suite 15
Clearwater, FL 33763
Tel: (727) 796-7666
Email: firm@persantelaw.com

## CIVIL COMPLAINT FOR DAMAGES

Jurisdictional Basis: This civil action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985; and 18 U.S.C. §§ 1001, 1503, 1505, 1512, and related provisions. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1361, and 1651.

## I. PARTIES

### 1. Plaintiff – Ibrahim Shehatta Gerges Farag

Plaintiff Ibrahim Shehatta Gerges Farag is an individual and resident of the State of New York, appearing Pro Se. Plaintiff was a party in prior probate proceedings in Pinellas County, Florida, but this action is not a probate matter and does not seek to reopen or alter any estate administration. Instead, it concerns the professional misconduct, misrepresentation, and abusive actions of the Defendants during those proceedings, which caused independent harm to Plaintiff's rights, reputation, and constitutional protections. These events occurred primarily between May and October 2025, during which the Defendants engaged in repeated acts of misrepresentation, obstruction, and retaliatory


TPA7-3284
$405

conduct intended to deprive Plaintiff of lawful rights and access to justice. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it arises under the Constitution and laws of the United States.

**2. Defendant – Robert C. Persante, Esq.**

Defendant Robert C. Persante is a licensed attorney in the State of Florida and a partner at Persante Zuroweste, P.A., located in Clearwater, Florida. He served as legal counsel to Magda Khalaf Bishara, who engaged in fraudulent, deceptive, and unlawful acts relating to concealment and misappropriation of estate assets in the probate case In re: Estate of Mohsen Khalaf Hanna. Defendant Persante acted under color of state law by misusing judicial process and official mechanisms to obstruct justice, misrepresent material facts, and violate Plaintiff's federally protected rights. He is sued in both his individual and professional capacities for knowingly assisting and enabling such acts, in violation of professional duties and constitutional protections.

**3. Defendant – Persante Zuroweste, P.A.**

Defendant Persante Zuroweste, P.A. is a Florida professional law corporation with its principal office at 2555 Enterprise Road, Suite 15, Clearwater, FL 33763, and is jointly and severally liable for the wrongful acts of its partners and agents, including Attorney Persante. The firm conducts regular business and legal practice within the Middle District of Florida and therefore subjects itself to the personal jurisdiction of this Court. Accordingly, venue and personal jurisdiction are proper in this District.

# II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, as the claims arise under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985, and involve violations of the First, Fifth, and Fourteenth Amendments. Defendants' conduct constituted action under color of state law and resulted in deprivation of federally protected rights through misuse of judicial mechanisms.

5. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for related state-law claims arising from the same case or controversy.

6. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), because the wrongful acts and omissions alleged occurred within Pinellas County, Florida, where the Defendants conduct business and maintain their offices.

7. Exercising jurisdiction and venue in this Court promotes the interests of justice and judicial economy, as the relevant witnesses, records, and events are located within this District. This action is wholly independent of the underlying probate proceedings and seeks redress solely for Defendants'

independent misconduct and violations of federal and state law. Accordingly, this Court has subject-matter and personal jurisdiction over the Defendants, and venue is proper in this District.

# III. CAUSES OF ACTION

1. Misrepresentation and Distortion of Law
2. Defamation and False Accusations
3. Fraud Upon the Court
4. Abuse of Process and Obstruction of Justice
5. Neglect and Disregard of Court Orders
6. Civil Rights Violations and Deprivation of Constitutional Rights

# IV. RELIEF REQUESTED

Plaintiff respectfully seeks:
1. Declaratory Judgment that Defendants' conduct violated Plaintiff's constitutional and statutory rights;
2. Injunctive Relief preventing further obstruction or misuse of judicial process;
3. Compensatory Damages for emotional, reputational, and procedural harm;
4. Punitive and Exemplary Damages to deter similar misconduct;
5. Costs and any other relief deemed just and proper by the Court.

**Total Damages Requested:** $20,000,000 (Compensatory and Punitive combined).

**V. JURY TRIAL DEMAND**
Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 10, 2025

**Signature:** /s/ Ibrahim Shehatta Gerges Farag

**Ibrahim Shehatta Gerges Farag (Pro Se)**

2528 Frederick Douglass Blvd
New York, NY 10030
Tel: (727) 244-9787
Email: ibrahim.topharman@gmail.com

.

# III. FACTUAL BACKGROUND

This civil action arises from a series of deliberate and unlawful acts committed by Attorney Robert C. Persante, acting individually and through his law firm Persante Zuroweste, P.A., during and in connection with probate proceedings involving the Estate of Mohsen Khalaf Hanna in Pinellas County, Florida. The Defendants' conduct went beyond ordinary advocacy and constituted a systematic misuse of judicial process through deception, defamation, obstruction of justice, and abuse of authority under color of law.

This action does not seek to reopen or alter any probate administration. It instead concerns independent violations of federal and constitutional rights — including due process, equal protection, and access to justice — arising from professional misconduct, fraud upon the court, and deprivation of the Plaintiff's lawful rights.

2. Federal Jurisdiction and Color of Law The misconduct described herein was committed under color of state law and within the scope of duties regulated by the Florida Bar, thereby invoking federal jurisdiction under 42 U.S.C. §§ 1983 and 1985. Defendant Persante, while acting in a judicial capacity, knowingly used official procedures to obstruct justice, falsify material facts, and suppress the Plaintiff's right to fair judicial participation. Such actions transformed procedural advocacy into actionable constitutional violations.

3. Professional Oath and Ethical Duties As a licensed attorney, Defendant Persante was bound by oath to maintain honesty and integrity before the tribunal. His deliberate disregard for these duties — including filing pleadings containing false statements, incomplete disclosures, and defamatory allegations — constitutes professional misconduct and ethical fraud actionable under both federal and state law.

4. Misrepresentation and Abuse of Authority While representing Magda Khalaf Bishara, Defendant Persante knowingly relied upon falsified or altered documents, misrepresented heirship and estate assets, and advanced procedural claims unsupported by evidence. These acts were intended to conceal the Plaintiff's rightful status, distort the judicial record, and obstruct equitable relief.

5. Defamation and False Allegations Defendant Persante made repeated defamatory and baseless assertions concerning the Plaintiff's character and credibility, both in court filings and communications, for the purpose of discrediting and silencing the Plaintiff's lawful claims. Such conduct inflicted emotional distress, reputational harm, and violated professional rules prohibiting deceit and prejudice to the administration of justice.

6. Systematic Obstruction and Discrimination The Defendants engaged in a coordinated effort to manipulate judicial mechanisms, disregard court orders, and create false criminal implications to intimidate the Plaintiff — a refugee and individual under psychological treatment — thereby violating his constitutional rights to equal protection and due process under the Fifth and Fourteenth Amendments.

7. Federal Oversight and Resulting Harm The Defendants' acts collectively constitute a deliberate obstruction of justice and a deprivation of civil rights under 42 U.S.C. §§ 1983 and 1985, causing severe emotional distress, financial loss, and damage to the Plaintiff's constitutional protections. Federal oversight is warranted to restore integrity to judicial proceedings and to prevent further abuse of authority.

Accordingly, the following Counts are grounded upon these factual circumstances and supported by the documentary record and judicial exhibits referenced herein.

Supporting Exhibits All factual assertions described herein are supported by documentary evidence and prior judicial filings, collectively referenced as Exhibits 1–17 attached hereto.

# COUNT I – FRAUD UPON THE COURT AND ABUSE OF PROCESS (Final Version)

(Based on Court Orders, Default Certificate, and Unauthorized Appearance)

## I. INTRODUCTORY STATEMENT

This Count arises from deliberate and unlawful actions undertaken by Attorney Robert C. Persante, acting on behalf of Magda Khalaf Bishara, which constitute Fraud Upon the Court and Abuse of Judicial Process. The misconduct occurred after the lawful entry of a Clerk's Default and formal notice of the Plaintiff's self-representation, thereby violating both state and federal rules governing the integrity of judicial proceedings.

## II. FACTUAL BASIS

1. Court Orders of April 23 and May 3, 2024 – As shown in Exhibits 1 and 2, the Circuit Court of Pinellas County issued two consecutive rulings on April 23 and May 3, 2024, confirming procedural directions in the probate matter. These orders define the judicial framework that governed the parties at that time and remain part of the official court record.

2. Clerk's Default Dated May 28, 2025 – On May 28, 2025, the Court entered a formal Certificate of Default against Respondent Magda Khalaf Bishara for failure to file any responsive pleading as required by law (Exhibit 3). This default established the Plaintiff's right to proceed toward judgment and effectively barred any later unauthorized appearance by counsel on behalf of the defaulted party.

3. Formal Notice of Self-Representation and Request for Default Judgment – On June 6, 2025, the Plaintiff filed a Motion for Default Judgment, and on June 9, 2025, submitted a Formal Notice confirming Pro Se representation (Exhibit 4). Both filings reaffirm that the Plaintiff has personally conducted all procedural steps since May 28, 2025, consistent with Rules 2.515 and 2.516 of the Florida Rules of Judicial Administration.

4. Unauthorized Appearance and Fabricated Representation (Document 98 – June 11, 2025) – Despite the foregoing, on June 11, 2025, Attorney Robert C. Persante filed Document No. 98, unilaterally claiming to represent Magda Khalaf Bishara without any lawful authority or court approval. He attached only an email communication as alleged proof of authorization — an action contrary to Florida Rules of Judicial Administration 2.505 and 2.510, and in direct violation of established procedural orders and the existing default status.

5. Violation of Procedural Integrity – This unauthorized filing occurred after the default and after formal notice of the Plaintiff's self-representation had been served upon the Court. By filing under these conditions, Persante knowingly misrepresented his legal standing, obstructed the Court's administrative

function, and attempted to nullify a valid judicial act (the Default Certificate).

6. Additional Misconduct – Unauthorized Filings and Improper Reliance on Former Counsel Contact – It is further noted that Attorney Persante submitted multiple memoranda and filings without any lawful notice or service to the Plaintiff, in violation of procedural due process and Rule 1.080 of the Florida Rules of Civil Procedure. He also attempted to rely on email correspondence with the Plaintiff's former attorney, which holds no legal or evidentiary value once the Plaintiff had formally appeared Pro Se. Even assuming arguendo that the email exchange were authentic, Attorney Persante was still required to seek leave of Court before appearing, or at minimum to file a Motion to Vacate the existing Clerk's Default prior to any filing or representation. His complete failure to do so — combined with the fact that the court record already reflected full and continuous self-representation by the Plaintiff — confirms that his conduct was deliberate, deceptive, and undertaken in bad faith.

All dates and procedural events are clearly and unmistakably reflected in the attached Exhibits, leaving no ambiguity as to the sequence of misconduct or its timing.

## III. LEGAL FRAMEWORK

Such conduct constitutes Fraud Upon the Court as defined in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), and reaffirmed in Chambers v. NASCO, Inc., 501 U.S. 32 (1991). By filing pleadings under false authority and misrepresenting procedural facts, the Defendant engaged in intentional deceit directed at the tribunal itself, violating:

18 U.S.C. § 1001 – False statements within judicial proceedings;
18 U.S.C. §§ 1503 and 1512(b) – Obstruction of justice and witness interference;
42 U.S.C. §§ 1983 and 1985(2) – Deprivation of constitutional rights and conspiracy to obstruct justice;
28 U.S.C. § 1651 (All Writs Act) – Authorizing federal courts to address fraud corrupting judicial processes;
18 U.S.C. §§ 241 and 242 – Conspiracy and deprivation of rights under color of law;
18 U.S.C. § 371 – Conspiracy to defraud the United States and its judicial authority.

Under Florida law, such acts further violate Rules 4-3.3(a)(1) and 4-8.4(c)–(d) of the Florida Rules of Professional Conduct, prohibiting deceit, dishonesty, and conduct prejudicial to the administration of justice.

Supporting precedents include:
Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978);
Travelers Indem. Co. v. Gore, 761 F.2d 1549 (11th Cir. 1985);
Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993);
Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072 (2d Cir. 1972).

## IV. ANALYSIS

The sequence of events — the April 23 and May 3 court orders, the May 28 Default, the June 6 and June 9 Pro Se filings, and the June 11 unauthorized appearance — forms a clear chain of procedural integrity corrupted solely by Persante's unlawful interference. His actions were not inadvertent or procedural mistakes; they were calculated acts of deception intended to overturn a lawful default and to usurp judicial authority through fraud.

Such conduct satisfies all elements of Fraud Upon the Court:

1. Intentional deception;

2. Interference with the judicial machinery; and

3. Injury to the integrity of the judicial process itself.

## V. PRAYER FOR RELIEF (Final Form)

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

1. Refer this matter to the U.S. Attorney's Office and the Florida Bar for disciplinary and criminal review under 18 U.S.C. §§ 1001, 1503, 1512(b), 241, and 242;

2. Award compensatory and punitive damages to the Plaintiff in the estimated amount of $20,000,000 (Twenty Million U.S. Dollars) for emotional, procedural, and constitutional harm caused by the Defendant's fraudulent conduct; and

3. Grant such other and further relief as this Court deems just and proper to preserve the integrity of judicial proceedings.

Referenced Exhibits:

Exhibits 1–4: Court Orders, Default Certificate, Notice of Self-Representation, and Motion for Default Judgment.

Exhibit 5: Unauthorized Appearance (Document 98 – filed June 11, 2025).

**COUNT II – FRAUD UPON THE COURT AND MISAPPLICATION OF LAW**

(Based on the Distortions and Omissions Proven Above – June 16, 2025 Motion by Attorney Robert C. Persante)

MEMORANDUM ON DISTORTION AND MISAPPLICATION OF LAW IN THE MOTION FILED JUNE 16, 2025

I. INTRODUCTORY STATEMENT

This Memorandum is respectfully submitted to clarify and document the deliberate distortion and misapplication of controlling Florida statutes and procedural rules contained in the Motion to Dismiss and/or Strike filed on June 16, 2025, by Attorney Robert C. Persante. Said motion includes multiple false representations of Florida probate and civil procedure law, intentionally framed to mislead the Court, create procedural confusion, and obstruct the fair adjudication of this matter.

The following sections identify each instance of legal distortion, followed by the correct and authoritative interpretation of the applicable law.

**II. DISTORTED STATUTES AND CORRECT INTERPRETATIONS**

1. Misuse of Fla. Stat. §733.901 – "Final Discharge" False Representation: The Motion claims it is "legally impossible" for the Court to reopen the Estate because an Order of Discharge has been entered, citing §733.901. Correct Law: §733.901 merely terminates the liability of the personal representative once administration is complete. It does not bar the Court from reopening an estate upon discovery of fraud, concealment, or omitted property. The governing statute is §733.903, which provides:

"After discharge, further administration of the estate may be granted if other property of the estate is discovered or if it is necessary for any other purpose." Thus, stating that reopening is "legally impossible" constitutes a material misrepresentation of Florida law.

1. Misstatement of Fla. Stat. §§95.11(3)(j) and 95.031(2)(a) False Representation: The Motion asserts that all fraud-based claims are time-barred under a four-year statute of limitations beginning in 2019. Correct Law: Under §95.031(2)(a), the limitation period begins to run "from the time the facts giving rise to the cause of action were discovered or should have been discovered with due diligence." Where fraud is concealed, the statute does not begin until discovery of the fraud. See Davis v. Monahan, 832 So.2d 708 (Fla. 2002). Therefore, applying the limitation from the date of death is contrary to law.

2. Misinterpretation of Fla. Prob. R. 5.040(a)(3) False Representation: The Motion claims formal notice was defective because the FedEx delivery lacked a signed

receipt. **Correct Law:** Rule 5.040(a)(3)(A) allows notice by "any commercial delivery service requiring proof of delivery." No signature is required—only proof of delivery. This misstatement created a false procedural defect.

3. **Misapplication of Fla. Prob. R. 5.025 False Representation:** The Motion argues that the Petition must be treated as a civil action requiring summons and process. **Correct Law:** Rule 5.025(a) provides that adversary proceedings follow civil rules "as far as practicable and consistent with the nature of the proceedings." Formal notice under Rule 5.040(a) is sufficient; summons is not required.

4. **Misuse of Fla. R. Civ. P. 1.140(b) and 1.140(f) False Representation:** The Motion seeks total dismissal and striking of the Petition under these rules. **Correct Law:** Rule 1.140(b) addresses only legal sufficiency and cannot dispute facts. Rule 1.140(f) allows striking of "redundant, immaterial, impertinent, or scandalous" matter—not entire pleadings. This constitutes a misuse of the rule's purpose.

5. **Misapplication of Case Law – Padgett v. Estate of Gilbert & Boyles v. Jimenez False Representation:** The Motion relies on these cases to claim the Court may deny appointment for alleged hostility. **Correct Law:** Both cases concern disputes among heirs, not denial of a lawful spouse's appointment. They were misapplied outside their factual context to fabricate a false legal basis.

6. **Omission of Fla. Stat. §733.903 – "Reopening of Estates" False Representation:** The Motion omits §733.903 entirely, misleading the Court about its authority. **Correct Law:** §733.903 provides:

"The final settlement of an estate and discharge of the personal representative shall not prevent further administration of the estate if other property is discovered or if it is necessary for any other purpose." This omission was intentional and materially deceptive.

## III. LEGAL IMPLICATIONS

These misrepresentations are deliberate distortions intended to mislead the Court. Under *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989), and Florida Bar Rule 4-3.3(a)(1), knowingly making a false statement of law to a tribunal constitutes Fraud Upon the Court. By selectively quoting and omitting statutes, Respondent's counsel obstructed the fair exercise of judicial authority.

## IV. CONCLUSION

The statements of law contained in the Motion filed June 16, 2025, are materially false and constitute deliberate Fraud Upon the Court under Florida law. The Court is respectfully urged to:

1. Recognize these misstatements as evidence of Fraud Upon the Court;

2. Disregard all arguments relying on such distortions; and

3. Take judicial notice of the correct statutory and procedural authorities as listed above.

## COUNT II – FRAUD UPON THE COURT AND MISAPPLICATION OF LAW (Continued)

### I. INTRODUCTORY STATEMENT

This Count arises directly from the false legal statements and misrepresentations identified in the preceding memorandum. The Motion filed June 16, 2025, deliberately distorted controlling Florida statutes and procedural rules to mislead the Court, obstruct judicial function, and deprive the Petitioner of fair adjudication.

### II. FRAUD UPON THE COURT UNDER CONTROLLING LAW

Under Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989), and Florida Bar Rule 4-3.3(a)(1), knowingly presenting false legal statements constitutes Fraud Upon the Court. The principle is reinforced by Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), and Chambers v. NASCO, Inc., 501 U.S. 32 (1991), which confirm the Court's inherent authority to sanction conduct that corrupts judicial integrity.

### III. SUPPORTING AUTHORITIES

Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978) – Concealment or misstatement of law constitutes intrinsic fraud. Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993) – Deliberate distortion of legal material constitutes fraud upon the court. Pino v. Bank of New York, 121 So.3d 23 (Fla. 2013) – Fraud on the court voids proceedings tainted by deceit. Savino v. Florida Drive-In Theatre Mgmt., 697 So.2d 1011 (Fla. 4th DCA 1997) – Fraudulent conduct before the court requires vacatur and sanctions.

"The willful and knowing presentation of misstatements of law satisfies the element of intent required for Fraud Upon the Court, as the misconduct was calculated to secure a procedural advantage through deception rather than legitimate interpretation."

### III-A. APPLICABLE FEDERAL LAW SUPPORTING FRAUD UPON THE COURT

The misconduct described herein also constitutes violations of federal statutes governing judicial integrity and the administration of justice, including but not limited to:

18 U.S.C. § 1001 – False statements and misrepresentations within the jurisdiction of the United States;

18 U.S.C. § 1503 – Obstruction of justice through interference with judicial proceedings;

18 U.S.C. § 1512(c) – Tampering with the integrity of legal records or proceedings;

18 U.S.C. § 1621 – Perjury and false statements under oath; and

28 U.S.C. § 1927 – Counsel's liability for multiplying proceedings unreasonably and vexatiously in bad faith.

"Collectively, these provisions establish the federal framework for sanctioning any attorney or party who knowingly corrupts judicial process by falsifying legal authorities, concealing controlling law, or obstructing the fair operation of the courts."

## IV. APPLICATION AND CONCLUSION

By asserting that §733.901 rendered the estate permanently closed, omitting §733.903, and fabricating defects under Probate Rules 5.040 and 5.025, the Respondent's counsel intentionally misled this Court and obstructed justice.

This conduct meets all recognized elements of Fraud Upon the Court:

1. Intentional falsification of controlling law;

2. Interference with the judicial machinery;

3. Injury to the integrity of judicial proceedings.

"By asserting false closure under §733.901 and suppressing §733.903, Respondent's counsel obstructed the Court's lawful jurisdiction and misled the judicial process."

Direct Injury to Petitioner

As a direct result of these false legal representations, the Petitioner was deprived of timely judicial review, forced to expend substantial resources correcting fabricated arguments, and subjected to procedural delay that impaired fair adjudication.

## V. RELIEF REQUESTED

Accordingly, the Plaintiff respectfully requests that this Honorable Court:

1. Refer Attorney Robert C. Persante to The Florida Bar for disciplinary review under Rule 4-3.3(a)(1);

2. Impose such sanctions as the Court deems appropriate;

## COUNT III – FABRICATION OF FACTS, OBSTRUCTION OF JUSTICE, AND FRAUD UPON THE COURT

(Against Attorney Robert C. Persante and the Law Firm Persante Zuroweste, P.A., in both professional and individual capacities)

(Based on the Misrepresentation of a Foreign Judgment Related to Personal Orientation, Fabricated Criminal Allegations, and the Denial of Verified Court Records – Exhibits 6 and 14)

### I. INTRODUCTORY STATEMENT

This Count is brought against Attorney Robert C. Persante and his law firm Persante Zuroweste, P.A., in their professional and individual capacities, for submitting a Motion to Dismiss dated June 16, 2025 (Exhibit 6), containing false, defamatory, and misleading allegations against the Petitioner, and for attaching a misrepresented foreign judgment (Exhibit 14) in a manner designed to deceive this Honorable Court.

The misconduct includes:

Fabricating a claim that the Petitioner "threatened to kill Moneer Hanna," despite the absence of any complaint or evidence.

Asserting that the Petitioner "denied the parentage of Magda Bishara's children," a baseless and defamatory claim irrelevant to the case.

Alleging false criminal conduct, including "theft" and "fleeing Egypt to avoid imprisonment," without any judicial record or substantiation.

Submitting a one-page excerpt of an Egyptian judgment concerning personal orientation and falsely presenting it as a criminal conviction.

Denying the existence of verified Proofs of Service already entered into the court record.

These actions collectively constitute Fabrication of Facts, Fraud Upon the Court, and Obstruction of Justice under federal law.

### II. JURISDICTION AND AUTHORITY

Jurisdiction is proper under 28 U.S.C. §§1331 and 1343, as this Count arises under federal statutes prohibiting fraud, perjury, obstruction of justice, and deprivation of constitutional rights. This Court also possesses inherent authority to sanction attorneys and law firms for conduct that corrupts judicial integrity, pursuant to Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

### III. FACTUAL BASIS

1. On June 16, 2025. Attorney Robert C. Persante. on behalf of Persante Zuroweste. P.A.. filed a Motion to Dismiss (Exhibit 6) containing fabricated statements against the Petitioner.
2. The motion falsely alleged that the Petitioner "threatened to kill Moneer Hanna." despite the absence of any police report. affidavit. or supporting evidence — constituting a deliberate misrepresentation to the Court.
3. It also claimed that the Petitioner "denied the parentage of Magda Bishara's children." a purely defamatory and irrelevant statement intended only to humiliate and prejudice.
4. Additional false claims included allegations that the Petitioner "stole from an apartment in Egypt" and "fled to avoid imprisonment." despite no criminal record or court judgment supporting these claims.
5. Persante attached a single-page excerpt from an Egyptian judgment (Exhibit 14) and misrepresented it as a criminal conviction. when the underlying matter concerned personal orientation and marital status — a civil matter under Egyptian family law.
6. The omitted portions of that record would show it to be entirely non-criminal and unrelated to any act of theft or fraud.
7. By deliberately withholding the full case file. Persante created a false and prejudicial impression that a criminal conviction existed abroad.
8. The motion also included inflammatory language unrelated to any legitimate legal argument. in violation of professional standards.
9. Persante and his firm knowingly denied the existence of verified Proofs of Service and Sheriff's confirmations already filed. thereby misrepresenting procedural facts to the Court.
10. Such denial of established judicial facts constitutes an intentional deception and a clear example of Fraud Upon the Court.
11. Persante and his firm acted with actual knowledge of the Petitioner's documented PTSD and mental health condition. as evidenced by filings on June 6. 2025. yet chose to exploit that vulnerability through humiliating and aggressive pleadings.
12. The pattern of deceit—combining fabricated threats. false criminal insinuations. distortion of foreign legal documents. and denial of procedural facts—represents a calculated effort to obstruct justice and defraud the Court.
13. The Respondents' actions were not isolated mistakes but a deliberate litigation strategy intended to obstruct final adjudication and create procedural confusion through falsified facts and partial records.
14. Their conduct has undermined the integrity of the judicial process. causing not only direct harm to the Petitioner but also erosion of the Court's ability to rely on truthful representations from officers of the Court.
    Such deception strikes at the core of federal judicial integrity and requires corrective action to preserve the sanctity of the record.
15. The Petitioner respectfully requests that this Honorable Court compel the Respondents to produce the complete Egyptian case record corresponding to Exhibit 14. to verify that the judgment concerns a personal-orientation matter and not a criminal act.

## IV. LEGAL FRAMEWORK AND PRECEDENTS

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944): Fabrication or distortion of facts before a court constitutes Fraud Upon the Court.

Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989): Submitting incomplete or false documents is classic fraud on the Court.

Chambers v. NASCO, Inc., 501 U.S. 32 (1991): Courts may sanction attorneys acting in bad faith.

Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993): Misuse of foreign records destroys judicial integrity.

Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978): Concealing material facts warrants sanctions.

## V. VIOLATED FEDERAL STATUTES

18 U.S.C. §1001 – False statements within judicial jurisdiction.

18 U.S.C. §1503 – Obstruction of justice by misleading the Court.

18 U.S.C. §1512(c) – Tampering with evidence or proceedings.

18 U.S.C. §§1341 & 1343 – Mail and wire fraud.

18 U.S.C. §242 – Deprivation of rights under color of law.

18 U.S.C. §241 – Conspiracy against rights.

42 U.S.C. §§1983, 12203 – Civil rights violations and ADA retaliation.

28 U.S.C. §1927 – Attorney liability for bad-faith litigation.

## VI. CONSTITUTIONAL AND ETHICAL PRINCIPLES

Fourteenth Amendment – Due Process Clause: Prohibits the use of false evidence to influence judicial outcomes.

Fourteenth Amendment – Equal Protection Clause: Forbids discrimination based on personal orientation or psychological condition.

First Amendment: Protects access to courts without intimidation or defamation.

Supremacy Clause (Art. VI): Prohibits reliance on foreign judgments contrary to U.S. constitutional standards.

Florida Rules of Professional Conduct:

Rule 4-3.3(a)(1) – False statements to a tribunal.

Rule 4-3.4(c) – Concealing facts or denying evidence.

Rule 4-8.4(c) – Dishonesty, fraud, or deceit.

Rules 4-1.1 & 4-1.3 – Competence and diligence

## VII. ANALYSIS AND APPLICATION

Attorney Persante and his firm engaged in a deliberate pattern of deception by:

Fabricating a murder-threat allegation.

Making defamatory personal accusations unrelated to the case.

Submitting a foreign civil judgment as a criminal conviction.

Denying verified court records.

Exploiting the Petitioner's known psychological condition.

This conduct constitutes a systematic abuse of process, fraud upon the Court, and obstruction of justice, warranting judicial sanctions and disciplinary review

## VIII. RELIEF REQUESTED

Petitioner respectfully requests that this Honorable Court:

1. Order Respondents (Attorney Persante and Persante Zuroweste, P.A.) to produce the complete Egyptian case file corresponding to Exhibit 14.
2. Declare that Respondents' actions constitute Fraud Upon the Court and Obstruction of Justice.
3. Impose sanctions under 28 U.S.C. §1927 and Fed. R. Civ. P. 11(b).
4. Refer Respondents to The Florida Bar for disciplinary review under Rules 4-3.3, 4-3.4, and 4-8.4.
5. Refer the record to the U.S. Attorney's Office for potential violations of 18 U.S.C. §§1001, 1341, 1343, 1503, 1512, 242, 241, and 42 U.S.C. §12203.

**COUNT IV – FRAUD UPON THE COURT, EVIDENCE SUPPRESSION, AND OBSTRUCTION OF JUSTICE BY RESPONDENT'S COUNSEL**

(Based on the Motion to Strike Filed June 19, 2025 – Exhibit 9, submitted by Attorneys Robert C. Persante and Anastasia L Underwood, Persante Zuroweste, P.A.)

**I. INTRODUCTORY STATEMENT**

This Count arises from the deliberate and unlawful conduct of Respondent's counsel, Attorney Robert C. Persante and the law firm Persante Zuroweste, P.A., through the filing of a Motion to Strike dated June 19, 2025 (Exhibit 9).
Said motion sought to suppress, conceal, and erase critical judicial records submitted by the Petitioner, including evidence that establishes the criminal and civil liability of the Respondents in both state and federal proceedings currently pending in the United States District Court for the Southern District of New York.

The filing constitutes an intentional attempt to obstruct justice, manipulate judicial records, and commit Fraud Upon the Court under color of law, in violation of multiple federal statutes.

**II. FACTUAL BASIS**

1. On June 19, 2025, Respondent's counsel filed a Motion to Strike all "Pro Se" filings made by the Petitioner.
2. The motion failed to specify which filings were to be stricken or provide any factual or legal basis for their removal.
3. Among the filings targeted for deletion were documents containing verified Proof of Service, the Certificate of Default dated May 28, 2025, and evidentiary materials linking the named defendants to criminal and civil misconduct, including ongoing federal cases in New York
4. Such a vague and sweeping request to delete records constitutes a direct interference with judicial truth-finding and a willful effort to suppress incriminating evidence.
5. Counsel's conduct demonstrates intentional manipulation of court procedure to shield the defendants from accountability and to conceal verified evidence already before the Court.

**III. DISTORTION AND MISAPPLICATION OF LAW**

The motion relies on a false interpretation of Florida Rule of General Practice and Judicial Administration 2.505(f), misapplying it to suggest that a litigant cannot represent himself without court approval
This is legally incorrect. Rule 2.505(f) governs withdrawal or substitution of attorneys, not the constitutional right of a litigant to appear Pro Se.

Counsel's reliance on The Florida Bar v. King, 664 So 2d 925 (Fla. 1995), was equally misleading. That precedent restricts attorneys from withdrawing without leave of court — it does not prohibit individuals from exercising their right to self-representation.

By invoking these rules selectively, Respondent's counsel sought to create a false procedural barrier to erase legitimate filings and block judicial review.

Such misuse of law constitutes:

Fraud Upon the Court, by intentionally falsifying the procedural record;

Obstruction of Justice, by suppressing evidence and misleading the tribunal; and

Abuse of Process, by exploiting procedural tools to conceal liability.

## IV. FEDERAL STATUTES VIOLATED

1. 18 U.S.C. § 1001 – False statements within the jurisdiction of a judicial branch.
2. 18 U.S.C. § 1503 – Obstruction of justice by interference with judicial proceedings.
3. 18 U.S.C. § 1512(c) – Tampering with or destroying evidence.
4. 18 U.S.C. § 241 & § 242 – Deprivation of rights under color of law.
5. 42 U.S.C. § 1983 – Civil remedies for constitutional violations.
6. 42 U.S.C. § 1985(2)-(3) – Conspiracy to obstruct justice or deny equal protection.
7. 28 U.S.C. § 1927 – Sanctions for bad-faith multiplication of proceedings.

## V. LEGAL ANALYSIS

The June 19, 2025 motion represents a calculated act of judicial interference.
By demanding the removal of all filings "individually submitted by Petitioner," without identifying which documents, Respondent's counsel attempted to erase the very filings that established:

Proper Proofs of Service on all defendants,

The Certificate of Default issued on May 28, 2025, and

Verified exhibits documenting criminal and federal civil actions related to the same defendants in New York.

This action directly undermines the integrity of the judicial process, obstructs discovery of the truth, and deprives the Petitioner of fair access to justice.

Such conduct constitutes Fraud Upon the Court as defined in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), where intentional misrepresentation or suppression of material facts destroys judicial integrity.

## VI. CONTINUING PATTERN OF MISCONDUCT

The June 19, 2025 motion is not an isolated act; it is part of a continuing pattern of deceit and obstruction by Respondent's counsel, including:

The prior Motion to Dismiss (June 16, 2025) containing false factual claims, and

The subsequent attempts to amend filings to conceal procedural fraud

This pattern reflects a systematic attempt to manipulate the record, suppress incriminating evidence, and obstruct ongoing investigations into related federal crimes

## VII. CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, Petitioner respectfully requests that this Honorable Court:

1. Refer Attorneys Robert C. Persante, Anastasia L. Underwood, and the law firm Persante Zuroweste, P.A to appropriate disciplinary authorities for violation of 18 U.S.C. §§ 1001, 1503, 1512(c) and Rules 4-3.3 and 4-8.4 of the Florida Rules of Professional Conduct.

2. Impose sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.

3. Grant such further relief as may be just and necessary to preserve judicial integrity and prevent further obstruction of justice.

## COUNT V – DENIAL OF INTERPRETER ACCESS, LANGUAGE-BASED DISCRIMINATION, AND DEPRIVATION OF DUE PROCESS UNDER FEDERAL LAW (REVISED FINAL VERSION)

(Based on Respondent's October 15, 2025 filing – "Respondent's Response to Petitioner's Motion for Appointment of Court Interpreter (Arabic)" – Exhibit 10)

## I. INTRODUCTORY STATEMENT

This Count arises under the First and Fourteenth Amendments to the United States Constitution and federal civil-rights statutes, including 42 U.S.C. §§ 1983, 1985(3), and 2000d, addressing the deliberate denial of interpreter access and language-based discrimination against a self-represented litigant of limited English proficiency.

Respondent's counsel, Attorney Robert C. Persante, filed a written response on October 15, 2025 (Exhibit 10), opposing the Petitioner's Motion for Appointment of Court Interpreter (Arabic), filed on October 2, 2025. Said response distorted the scope of Florida Rules 2.560 and 2.565, misrepresented federal law on language access, and expressly sought to exclude the Petitioner from meaningful participation in judicial proceedings based solely on language proficiency.

This conduct deprived the Petitioner of his constitutional right to be heard, to understand the proceedings, and to present his case—thereby violating due process and equal protection guarantees under federal and state law.

## II. FACTUAL BASIS

1. Interpreter Request and Notice:
   On October 2, 2025, the Petitioner filed his Motion for Appointment of Court Interpreter (Arabic), providing ample notice to the Court and opposing counsel to ensure procedural fairness and compliance with Rule 2.560.
2. Respondent's Opposition (Exhibit 10):
   On October 15, 2025, Respondent's counsel filed an opposition asserting that "probate and civil matters are not among the categories where interpreter access is required under Rule 2.560," deliberately omitting subsection (a), which mandates that courts shall ensure meaningful participation in all proceedings by limited-English-proficient individuals.
3. Timing and Procedural Ambush:
   Respondent's counsel intentionally delayed filing the opposition until the morning of the telephonic hearing on October 15, 2025—ensuring that the Petitioner could not review, read, or respond in real time. This ambush obstructed communication and silenced the Petitioner's ability to defend his motion, constituting bad faith and a clear denial of due process.
4. Misrepresentation of Law:
   Counsel knowingly misquoted Rule 2.560 and 2.565 and omitted their core requirements guaranteeing language access, transforming a mandatory judicial duty into a discretionary choice, thereby misleading the Court and subverting the law's intent.

5. Discriminatory Effect and Intent:
   The October 15 filing demonstrates a deliberate pattern of linguistic and cultural discrimination. Counsel's assertion that "the Petitioner seeks inheritance and property, not liberty or fundamental rights" implies that the Petitioner's case—and by extension his rights—are of lesser constitutional value.
   This language, combined with timing and repeated exclusion, evidences intentional discrimination based on national origin and limited English proficiency, constituting violations of Title VI (42 U.S.C. §2000d) and the Equal Protection Clause.

## III. PATTERN OF LEGAL MISREPRESENTATION AND PROCEDURAL EXCLUSION

The October 15, 2025 filing was not an isolated incident but part of a continuing pattern of distortion and exclusion, consistent with earlier misconduct described in Counts II and III.

Respondent's counsel had previously misrepresented Florida law in his June 16, 2025 Motion (Exhibit 6) and subsequent filings, falsely asserting that it was "legally impossible" to reopen the estate after discharge. The denial of interpreter access in October was a continuation of the same pattern—aimed at suppressing Petitioner's filings, silencing participation, and obstructing justice.

This coordinated manipulation of law and procedure demonstrates willful intent to discriminate, exclude, and deny equal access to judicial process.

## IV. FEDERAL AND CONSTITUTIONAL BASIS

1. 42 U.S.C. §1983 – Deprivation of constitutional rights under color of law.
2. 42 U.S.C. §2000d (Title VI) – Prohibits language-based and national-origin discrimination in federally funded programs, including courts.
3. 42 U.S.C. §1985(3) – Conspiracy to deny equal protection and access to courts.
4. First Amendment – Protects right of self-representation and direct petition to the judiciary.
5. Fourteenth Amendment – Guarantees due process and equal protection.
6. Florida Constitution, Article I §9 – Ensures fairness and the right to be heard.

## V. SUPPORTING AUTHORITIES

Lau v. Nichols, 414 U.S. 563 (1974) – Language exclusion constitutes national-origin discrimination under Title VI.

Ling v. State, 337 So. 3d 465 (Fla. 2d DCA 2022) – Interpreter access is essential to due process for limited-English-proficient litigants.

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) – Fraud upon the court includes deliberate misrepresentation of law.

Faretta v. California, 422 U.S. 806 (1975) – Recognizes self-representation as a protected constitutional right.

Bounds v. Smith, 430 U.S. 817 (1977) – Ensures access to courts and meaningful participation.

## VI. ANALYSIS AND APPLICATION

The October 15 filing represents a calculated misuse of judicial process designed to marginalize a pro se litigant based on language and cultural background. By trivializing the Petitioner's linguistic challenges, misrepresenting governing law, and asserting that his claims are "not fundamental," Respondent's counsel exhibited a pattern of systemic exclusion.

The deliberate delay and procedural ambush, precisely timed with the telephonic hearing, confirm intentional obstruction and purposeful denial of access to the Court.
This conduct collectively constitutes:

Fraud Upon the Court, through distortion of governing law;

Obstruction of Justice, by depriving the Petitioner of meaningful participation; and

Racial and Linguistic Discrimination, in violation of federal civil-rights protections.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Petitioner respectfully requests that this Honorable Court:

1. Declare that Respondent's October 15, 2025 filing constitutes intentional language-based discrimination and obstruction of justice in violation of 42 U.S.C. §§1983 and 2000d;
2. Affirm the Petitioner's right to interpreter assistance under Florida Rule 2.560 and Title VI of the Civil Rights Act;
3. Issue a judicial directive ensuring language-access rights in all future proceedings involving the Petitioner;
4. Award compensatory damages for emotional distress and harm resulting from exclusion and denial of due process;
5. Refer Respondent's counsel to the U.S. Attorney and Florida Bar for investigation under 18 U.S.C. §§1512(b) and 245(b)(2)(F); and
6. Grant any other relief this Court deems just, equitable, and necessary to preserve the integrity of judicial process.

1. On June 16, 2025, Attorney Robert C. Persante, on behalf of Persante Zuroweste, P.A., filed a Motion to Dismiss (Exhibit 6) containing fabricated statements against the Petitioner.

2. The motion falsely alleged that the Petitioner "threatened to kill Moneer Hanna," despite the absence of any police report, affidavit, or supporting evidence — constituting a deliberate misrepresentation to the Court.

3. It also claimed that the Petitioner "denied the parentage of Magda Bishara's children," a purely defamatory and irrelevant statement intended only to humiliate and prejudice.

4. Additional false claims included allegations that the Petitioner "stole from an apartment in Egypt" and "fled to avoid imprisonment," despite no criminal record or court judgment supporting these claims.

5. Persante attached a single-page excerpt from an Egyptian judgment (Exhibit 14) and misrepresented it as a criminal conviction, when the underlying matter concerned personal orientation and marital status — a civil matter under Egyptian family law.

6. The omitted portions of that record would show it to be entirely non-criminal and unrelated to any act of theft or fraud.

7. By deliberately withholding the full case file, Persante created a false and prejudicial impression that a criminal conviction existed abroad.

8. The motion also included inflammatory language unrelated to any legitimate legal argument, in violation of professional standards.

9. Persante and his firm knowingly denied the existence of verified Proofs of Service and Sheriff's confirmations already filed, thereby misrepresenting procedural facts to the Court.

10. Such denial of established judicial facts constitutes an intentional deception and a clear example of Fraud Upon the Court.

11. Persante and his firm acted with actual knowledge of the Petitioner's documented PTSD and mental health condition, as evidenced by filings on June 6, 2025, yet chose to exploit that vulnerability through humiliating and aggressive pleadings.

12. The pattern of deceit—combining fabricated threats, false criminal insinuations, distortion of foreign legal documents, and denial of procedural facts—represents a calculated effort to obstruct justice and defraud the Court.

13. The Respondents' actions were not isolated mistakes but a deliberate litigation strategy intended to obstruct final adjudication and create procedural confusion through falsified facts and partial records.

14. Their conduct has undermined the integrity of the judicial process, causing not only direct harm to the Petitioner but also erosion of the Court's ability to rely on truthful representations from officers of the Court.
Such deception strikes at the core of federal judicial integrity and requires corrective action to preserve the sanctity of the record.

15. The Petitioner respectfully requests that this Honorable Court compel the Respondents to produce the complete Egyptian case record corresponding to Exhibit 14, to verify that the judgment concerns a personal-orientation matter and not a criminal act.

## IV. LEGAL FRAMEWORK AND PRECEDENTS

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944): Fabrication or distortion of facts before a court constitutes Fraud Upon the Court.

Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989): Submitting incomplete or false documents is classic fraud on the Court.

Chambers v. NASCO, Inc., 501 U.S. 32 (1991): Courts may sanction attorneys acting in bad faith.

Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993): Misuse of foreign records destroys judicial integrity.

Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978): Concealing material facts warrants sanctions.

## V. VIOLATED FEDERAL STATUTES

18 U.S.C. §1001 – False statements within judicial jurisdiction.

18 U.S.C. §1503 – Obstruction of justice by misleading the Court.

18 U.S.C. §1512(c) – Tampering with evidence or proceedings.

18 U.S.C. §§1341 & 1343 – Mail and wire fraud.

18 U.S.C. §242 – Deprivation of rights under color of law.

18 U.S.C. §241 – Conspiracy against rights.

42 U.S.C. §§1983, 12203 – Civil rights violations and ADA retaliation.

28 U.S.C. §1927 – Attorney liability for bad-faith litigation.

## VI. CONSTITUTIONAL AND ETHICAL PRINCIPLES

Fourteenth Amendment – Due Process Clause: Prohibits the use of false evidence to influence judicial outcomes.

Fourteenth Amendment – Equal Protection Clause: Forbids discrimination based on personal orientation or psychological condition.

First Amendment: Protects access to courts without intimidation or defamation.

Supremacy Clause (Art. VI): Prohibits reliance on foreign judgments contrary to U.S. constitutional standards.

Florida Rules of Professional Conduct:

Rule 4-3.3(a)(1) – False statements to a tribunal.

Rule 4-3.4(c) – Concealing facts or denying evidence.

Rule 4-8.4(c) – Dishonesty, fraud, or deceit.

Rules 4-1.1 & 4-1.3 – Competence and diligence

## VII. ANALYSIS AND APPLICATION

Attorney Persante and his firm engaged in a deliberate pattern of deception by:

Fabricating a murder-threat allegation.

Making defamatory personal accusations unrelated to the case.

Submitting a foreign civil judgment as a criminal conviction.

Denying verified court records.

Exploiting the Petitioner's known psychological condition.

This conduct constitutes a systematic abuse of process, fraud upon the Court, and obstruction of justice, warranting judicial sanctions and disciplinary review

## VIII. RELIEF REQUESTED

Petitioner respectfully requests that this Honorable Court:

1. Order Respondents (Attorney Persante and Persante Zuroweste, P.A.) to produce the complete Egyptian case file corresponding to Exhibit 14.
2. Declare that Respondents' actions constitute Fraud Upon the Court and Obstruction of Justice.
3. Impose sanctions under 28 U.S.C. §1927 and Fed. R. Civ. P. 11(b).
4. Refer Respondents to The Florida Bar for disciplinary review under Rules 4-3.3, 4-3.4, and 4-8.4.
5. Refer the record to the U.S. Attorney's Office for potential violations of 18 U.S.C. §§1001, 1341, 1343, 1503, 1512, 242, 241, and 42 U.S.C. §12203.

**COUNT VI – FRAUD UPON THE COURT, MISREPRESENTATION OF LAW, AND ABUSE OF PROCESS THROUGH DUPLICATIVE FILINGS AND DELIBERATE DELAY**

(Based on the October 20, 2025 Amended Motion – Exhibit 12, following the August 6, 2025 Court Order and the October 15, 2025 Hearing.)

**I. INTRODUCTORY STATEMENT**

This Count arises from Respondent's counsel's deliberate misuse of judicial procedure through deceptive pleadings, false legal interpretations, and calculated delays designed to mislead the Court and obstruct final adjudication.

After the Court's Order of August 6, 2025 explicitly found that the previous motion was unsupported by any evidence, counsel knowingly filed an "Amended Motion" on October 20, 2025 duplicating the same defective arguments and distorting the law.

**This conduct constitutes:**

1. Fraud Upon the Court,

2. Misrepresentation of Law, and

3. Abuse of Process,

all committed intentionally, under color of legal authority, and in violation of 18 U.S.C. §§ 1503, 1512, 42 U.S.C. § 1983, and 28 U.S.C. § 1927.

Such actions further violate the Court's inherent authority to preserve judicial integrity as recognized in Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

**II. FACTUAL BASIS**

1. August 6, 2025 Order (Exhibit 11): The Court found that Respondent's prior motion was unsupported by evidence or documentation.

2. October 15, 2025 Hearing (Exhibit 11): The Court was preparing to move toward final resolution.

3. October 20, 2025 Amended Motion (Exhibit 12): Counsel filed a so-called "amended" motion that merely repeated prior arguments already deemed defective.

4. Intent: The sequence of filings and hearing dates reveals a deliberate effort to stall judicial action and mislead the Court into treating an old issue as newly arisen.

5. Effect: This filing obstructed adjudication, burdened the docket, and undermined confidence in the fairness of the judicial process — conduct amounting to obstruction of justice under 18 U.S.C. § 1503.

## III. SPECIFIC LEGAL MISREPRESENTATIONS

1. Fla. R. Civ. P. 1.540(b): Counsel asserted it is "legally impossible" to reopen a probate case after one year. In truth, Rule 1.540(b) expressly preserves the Court's authority to set aside judgments procured by fraud upon the court.

   → Holt v. Crown Builders, Inc., 627 So. 2d 1221 (Fla. 2d DCA 1993).

2. Fla. Stat. § 733.901: Counsel claimed an Order of Discharge "permanently closes" jurisdiction. The statute allows reopening where fraud, concealment, or misrepresentation is shown.

   → Bennett v. Bivins, 685 So. 2d 875 (Fla. 2d DCA 1996).

3. Rule 2.515(c): Counsel falsely certified the Amended Motion as a new filing when it was a duplicate of one previously ruled defective, violating Rule 4-3.3(a) of the Florida Rules of Professional Conduct.

## IV. PERSONAL MISCONDUCT AND PROFESSIONAL VIOLATIONS

1. Deliberate Deception: Knowingly presented false statements of law and fact to mislead the Court.

2. Pattern of Delay: By repeatedly scheduling distant hearings and refiling identical pleadings, counsel deliberately obstructed justice.

3. Rule 4-8.4(c) Violation: Engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

4. Rule 4-3.2 Violation: Failed to expedite litigation consistent with the interests of justice.

5. Resulting Harm: Petitioner was denied timely resolution, subjected to unnecessary burden, expense, and prejudice.

   Such conduct constitutes a deprivation of rights under color of law in violation of 42 U.S.C. § 1983.

## V. ADDITIONAL COUNTS OF LEGAL DISTORTION AND PROCEDURAL MISCONDUCT

1. Fabrication of Foreign Criminal Allegations for Prejudice:

Respondent's counsel introduced unverified and irrelevant references to a "foreign criminal judgment" (p. 3 of Exhibit 12) solely to inflame bias and discredit Petitioner, violating Fla. R. Prof. Conduct 4-3.3(a)(1) and Fla. Evid. Code § 90.403, as well as equal-protection guarantees under 42 U.S.C. § 2000d.

→ Metropolitan Dade County v. Zapata, 601 So. 2d 239 (Fla. 3d DCA 1992).

2. Improper Use of Scandalous and Defamatory Language:

The motion contained scandalous assertions unrelated to probate issues, violating Fla. R. Civ. P. 1.140(f) and constituting abuse of process.

→ Yanke v. State, 588 So. 2d 468 (Fla. 1st DCA 1991).

3. Misuse and Misquotation of Judicial Record: Counsel misrepresented prior orders without accurate citation or certification, amounting to falsification by omission.

→ Kornblum v. Schneider, 609 So. 2d 138 (Fla. 4th DCA 1992).

4. Repetition of Moot and Previously Denied Issues: Knowingly re-filed matters already adjudicated, violating Rule 2.330(f) and engaging in vexatious litigation sanctionable under 28 U.S.C. § 1927.

→ Rosenberg v. Levin, 409 So. 2d 1016 (Fla. 1982).

5. Concealment of Material Record Facts: Omitted Petitioner's Certificate of Default (May 28, 2025) and Final Memorandum (July 10, 2025), constituting Fraud Upon the Court under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

6. Unauthorized Refiling After Adverse Ruling: Re-filing identical arguments after a judicial finding of insufficiency constitutes sanctionable abuse.

→ McKnight v. Evancheck, 907 So. 2d 699 (Fla. 4th DCA 2005).

7. Introduction of Extraterritorial Distractions: Inserted matters beyond this Court's jurisdiction (foreign events and property) to distort the record and deflect scrutiny.

8. Pattern of Obstruction Under Color of Law:

The combined acts—misrepresentation, delay, irrelevant allegations, and false certifications—constitute obstruction of justice under 18 U.S.C. §§ 1503 and 1512(b), as well as abuse of process under Moakley v. Smallwood, 826 So. 2d 221 (Fla. 2002).

**VI. SUPPORTING AUTHORITIES**

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) – Defines Fraud Upon the Court as corruption of the judicial process itself.

Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) – Filing knowingly false documents constitutes fraud upon the court.

Bothmann v. Harrington, 458 So. 2d 1163 (Fla. 3d DCA 1984) – Abuse of Process is misuse of procedure for improper purposes.

Chambers v. NASCO, Inc., 501 U.S. 32 (1991) – Confirms the federal court's inherent power to sanction bad-faith litigation conduct.

Moakley v. Smallwood, 826 So. 2d 221 (Fla. 2002) – Authorizes sanctions for obstruction and vexatious litigation.

Boca Burger, Inc. v. Forum, 912 So. 2d 561 (Fla. 2005) – Re-affirms that misuse of procedure constitutes ethical misconduct.

Florida Rules of Professional Conduct 4-3.3 and 4-8.4(c) – Impose a duty of truthfulness and prohibit deceit before a tribunal.

## VII. ANALYSIS AND LEGAL IMPLICATIONS

Respondent's counsel's re-filing after an adverse judicial order, combined with intentional misrepresentation of law and record, forms a continuous pattern of obstruction and deception.

Each filing was used not to advance justice but to paralyze it.

This satisfies the elements of:

Fraud Upon the Court: Intentional deception aimed at corrupting judicial decision-making.

Misrepresentation of Law: Deliberate distortion of controlling authority.

Abuse of Process: Use of court procedure for harassment, delay, and obstruction.

Such misconduct constitutes Obstruction of Justice under 18 U.S.C. §§ 1503 and 1512, and a Deprivation of Rights under Color of Law under 42 U.S.C. § 1983.

## IX. SYSTEMATIC PATTERN OF PROCEDURAL OBSTRUCTION

The Respondent's counsel has adopted a systematic method of procedural obstruction, not a single procedural error.

Through repeated re-filing of motions already ruled defective, altering their titles, and strategically scheduling distant hearing dates, counsel effectively weaponized judicial procedure to obstruct review and delay final judgment.

This calculated pattern reveals an intent to manipulate the Court's schedule, exhaust the Petitioner, and erode the integrity of due process.

Florida and federal courts alike condemn such conduct when the judicial process is used as a tactical weapon rather than a forum for fair adjudication.

→ Moakley v. Smallwood, 826 So. 2d 221 (Fla. 2002); Boca Burger, Inc. v. Forum, 912 So. 2d 561 (Fla. 2005).

Accordingly, this Court should recognize the Respondent's filings as a coordinated and methodical obstruction of justice, justifying sanctions and disciplinary referral under 28 U.S.C. § 1927 and 18 U.S.C. §§ 1503, 1512.

By invoking these rules selectively, Respondent's counsel sought to create a false procedural barrier to erase legitimate filings and block judicial review.

Such misuse of law constitutes:

Fraud Upon the Court, by intentionally falsifying the procedural record.

Obstruction of Justice, by suppressing evidence and misleading the tribunal; and

Abuse of Process, by exploiting procedural tools to conceal liability.

## IV. FEDERAL STATUTES VIOLATED

1.  18 U.S.C. § 1001 – False statements within the jurisdiction of a judicial branch
2.  18 U.S.C. § 1503 – Obstruction of justice by interference with judicial proceedings
3.  18 U.S.C. § 1512(c) – Tampering with or destroying evidence
4.  18 U.S.C. § 241 & § 242 – Deprivation of rights under color of law.
5.  42 U.S.C. § 1983 – Civil remedies for constitutional violations
6.  42 U.S.C. § 1985(2)-(3) – Conspiracy to obstruct justice or deny equal protection
7.  28 U.S.C. § 1927 – Sanctions for bad-faith multiplication of proceedings.

## V. LEGAL ANALYSIS

The June 19, 2025 motion represents a calculated act of judicial interference
By demanding the removal of all filings "individually submitted by Petitioner," without identifying which documents, Respondent's counsel attempted to erase the very filings that established

Proper Proofs of Service on all defendants.

The Certificate of Default issued on May 28, 2025, and

Verified exhibits documenting criminal and federal civil actions related to the same defendants in New York.

This action directly undermines the integrity of the judicial process, obstructs discovery of the truth, and deprives the Petitioner of fair access to justice.

Such conduct constitutes Fraud Upon the Court as defined in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), where intentional misrepresentation or suppression of material facts destroys judicial integrity.

## VI. CONTINUING PATTERN OF MISCONDUCT

The June 19, 2025 motion is not an isolated act; it is part of a continuing pattern of deceit and obstruction by Respondent's counsel, including

The prior Motion to Dismiss (June 16, 2025) containing false factual claims, and

The subsequent attempts to amend filings to conceal procedural fraud

This pattern reflects a systematic attempt to manipulate the record, suppress incriminating evidence, and obstruct ongoing investigations into related federal crimes

## VII. CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, Petitioner respectfully requests that this Honorable Court:

1. Refer Attorneys Robert C. Persante, Anastasia L. Underwood, and the law firm Persante Zuroweste, P.A. to appropriate disciplinary authorities for violation of 18 U.S.C. §§ 1001, 1503, 1512(c) and Rules 4-3.3 and 4-8.4 of the Florida Rules of Professional Conduct
2. Impose sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.
3. Grant such further relief as may be just and necessary to preserve judicial integrity and prevent further obstruction of justice.

**COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DISABILITY DISCRIMINATION, AND EXPLOITATION OF MENTAL HEALTH CONDITION UNDER FEDERAL LAW**

(Based on Respondent's Counsel's July 10, 2025 Filing – Exhibit 13; Foreign Judgment Submission – Exhibit 14; Petitioner's Warning – Exhibit 15; and Verified Medical Records – Exhibits 16 & 17)

## I. INTRODUCTORY STATEMENT

This Count arises under federal jurisdiction for the intentional infliction of emotional distress, disability discrimination, and the willful exploitation of a documented psychological condition in violation of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (29 U.S.C. §794), and 42 U.S.C. §§1983, 1985, 1988, 12132, 12133, and 12203.
Jurisdiction is proper under 28 U.S.C. §1343(a)(3) and the First and Fourteenth Amendments to the U.S. Constitution.

Respondent's counsel, Attorney Robert C. Persante, with direct and documented knowledge of the Petitioner's ongoing treatment for Post-Traumatic Stress Disorder (PTSD) and related trauma, acted with reckless indifference and willful disregard for federally protected mental-health rights.
Through deliberate procedural manipulation, repeated harassment, and the use of culturally discriminatory materials, counsel sought to destabilize, humiliate, and silence the Petitioner.

This conduct transcends professional misconduct—it strikes at the dignity, mental safety, and equal access to justice guaranteed by the Constitution and federal law to all litigants, including those with psychological disabilities.

## II. FACTUAL BASIS

1. Knowledge of Psychological Condition:
   Counsel was on formal notice through court filings and Exhibits 16 and 17 that the Petitioner was receiving continuous medical and psychological treatment for PTSD and trauma-related disorders.
2. Procedural Exploitation:
   Despite this knowledge, counsel filed a Notice on July 10, 2025 (Exhibit 13) to bar oral hearings and restrict rulings to written submissions—fully aware that isolation and exclusion are clinical triggers for the Petitioner's condition.
3. Discriminatory Instrument:
   Counsel subsequently submitted a foreign judgment (Exhibit 14) from Egyptian courts criminalizing same-sex relations, deliberately weaponizing it to humiliate and bias the Petitioner before this Honorable Court.

4. Ignoring Formal Warning:
   After receiving a written warning (Exhibit 15) explicitly prohibiting psychological manipulation, counsel persisted in the same course of conduct without restraint.
5. Resulting Harm:
   Verified medical records (Exhibits 16 & 17) document panic episodes, insomnia, and heightened emotional distress directly caused by counsel's repeated misconduct.
6. Intentional Targeting:
   These acts were deliberate and strategic, exploiting a known psychological vulnerability to gain procedural advantage in violation of federal disability protections.
7. Willful Misconduct After Notice:
   Despite receiving a formal written notice and warning on July 23, 2025 (Exhibit 17), expressly advising that no further motions or allegations should be filed without factual or evidentiary support due to their impact on the Petitioner's mental health, Attorney Robert C. Persante willfully disregarded this judicial warning and, on October 20, 2025, filed a repetitive motion containing the same baseless and inflammatory accusations.
   This conduct demonstrates deliberate psychological exploitation and retaliation after formal notice, thereby aggravating the violations described herein and establishing willful misconduct under federal law.

## III. FEDERAL LEGAL BASIS

1. 42 U.S.C. §1983 – Redresses deprivation of rights under color of law where counsel uses judicial process to undermine due process through discriminatory abuse.
2. 42 U.S.C. §1985(3) – Prohibits conspiracies to deny equal protection based on disability or status.
3. 42 U.S.C. §§12132 & 12133 (ADA Title II) – Forbids exclusion of qualified individuals from judicial proceedings because of psychological disability and guarantees full remedies.
4. 42 U.S.C. §12203(a) – Prohibits retaliation or coercion against anyone exercising ADA rights.
5. 29 U.S.C. §794 (Rehabilitation Act) – Bars disability-based discrimination in any federally funded program, including judicial institutions.
6. 18 U.S.C. §245(b)(2)(F) – Criminalizes interference with federal rights through intimidation or coercion based on disability.
7. 18 U.S.C. §1512(b) – Prohibits harassment or intimidation intended to influence or silence participation in judicial proceedings.
8. Restatement (Second) of Torts §46 (1965) – Imposes liability for extreme and outrageous conduct causing severe emotional distress.

## IV. FEDERAL CASE LAW PRECEDENTS

Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999)

Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486 (M.D. Fla. 1991)

Lopez v. S.B. Thomas, Inc., 831 F.2d 1184 (2d Cir. 1987)

Roe v. Wade, 410 U.S. 113 (1973)

Brown v. Board of Education, 347 U.S. 483 (1954)

Moakley v. Smallwood, 826 So.2d 221 (Fla. 2002)

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)

## V. ANALYSIS AND APPLICATION

Attorney Persante's actions constitute a systematic pattern of psychological exploitation and procedural abuse carried out with full knowledge of the Petitioner's mental-health disability. By invoking discriminatory foreign judgments, depriving the Petitioner of oral participation, and engaging in repeated harassment even after judicial warning, counsel violated the ADA, the Rehabilitation Act, and constitutional protections of due process and equal protection under the Fourteenth Amendment.

This conduct demonstrates reckless indifference to human dignity and intentional exploitation of mental disability, satisfying the threshold for compensatory and punitive liability under Kolstad and Robinson.

## VI. SUPPLEMENTAL CONNECTION TO PRIOR COUNTS

The acts of isolation, denial of interpreter access, and obstruction of direct communication with the Court — documented in Counts IV, V, and VI — are incorporated herein by reference as part of the same continuing pattern of discriminatory and abusive conduct.
Together, they establish a consistent strategy aimed at silencing and psychologically destabilizing the Petitioner.

## VII. JUDICIAL RELIEF REQUESTED

WHEREFORE, the Petitioner respectfully requests that this Honorable Court:

1. Declare that Respondent's counsel engaged in willful and discriminatory misconduct in violation of the ADA, the Rehabilitation Act, and 42 U.S.C. §§1983 and 1985(3);
2. Award compensatory and punitive damages for medically documented psychological harm and emotional distress;
3. Award statutory damages under 42 U.S.C. §12203(c) and 29 U.S.C. §794a(a)(2) for disability-based retaliation;
4. Issue declaratory and injunctive relief preventing any further harassment or discriminatory conduct;
5. Refer Attorney Robert C. Persante to the U.S. Attorney and Florida Bar for investigation under 18 U.S.C. §§1512(b), 245(b)(2)(F), and related federal provisions; and

6.  Grant such other and further relief as this Court deems just, equitable, and necessary to preserve the integrity of judicial process and protect the rights of persons with disabilities.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

Ibrahim Shehatta Gerges Farag, Plaintiff, Pro Se,

**v.**

Robert C. Persante, Esq., and Persante Zuroweste, P.A., Defendants.

Case No.: _____

# PRAYER FOR RELIEF AND FINAL REQUESTS

(Revised Federal Version – Directed to the Tampa Federal Court)

WHEREFORE, the Plaintiff, Ibrahim Shehatta Gerges Farag, respectfully requests that this Honorable Court enter judgment in his favor and grant the following reliefs:

# I. COMPENSATORY AND PUNITIVE DAMAGES

1. Award compensatory damages in the total amount of Twenty Million U.S. Dollars ($20,000,000) for:

• Severe emotional distress and psychological trauma;
• Reputational harm and defamation resulting from fabricated and false criminal allegations;
• Professional and personal damage caused by the Defendants' misuse of judicial process;
• Medical treatment expenses, legal costs, and loss of economic and professional opportunity;
• Including damages recoverable under 18 U.S.C. § 1514 (civil action for harassment and intimidation) and 18 U.S.C. § 1964(c) (civil RICO damages).

2. Award punitive and exemplary damages sufficient to deter similar future misconduct, pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and other applicable federal provisions.

# II. DECLARATORY AND INJUNCTIVE RELIEF

3. Declare that the actions of Defendant Robert C. Persante and Persante Zuroweste, P.A. constitute:

• Fraud upon the Court;
• Abuse of Judicial Process;
• Obstruction of Justice;
• Violation of the Plaintiff's federally protected rights under color of law.

4. Issue declaratory and injunctive orders pursuant to 28 U.S.C. §§ 1651(a) and 2201 to prevent further harassment, retaliation, or misuse of judicial procedures by the Defendants.

# III. CRIMINAL REFERRAL REQUEST

5. Pursuant to this Court's inherent authority and 18 U.S.C. §§ 1001, 1503, 1512, 1519, and 28 U.S.C. § 1361, refer this matter to the U.S. Attorney's Office for the Middle District of Florida – Criminal Division for investigation of:

• Obstruction of Justice;
• Fabrication of Criminal Allegations;
• Fraud upon the Court and Misuse of Judicial Authority;
In addition to potential violations of 18 U.S.C. §§ 241 and 242.

## IV. ADDITIONAL RELIEF

5-A. Order full preservation of the judicial record and prohibit destruction, alteration, or removal of any filings or exhibits related to this federal case.

6. Grant trial by jury on all issues so triable.

7. Award attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988(b), notwithstanding the Plaintiff's Pro Se status.

8. Grant such other and further relief as this Court deems just, equitable, and necessary to preserve the integrity of judicial proceedings and to protect the Plaintiff's federal and constitutional rights.

## V. FINAL STATEMENT

This federal civil action is wholly independent of any unrelated state proceedings. It seeks relief exclusively under federal jurisdiction and does not request or imply any modification of non-federal matters.

The purpose of this action is to uphold the rule of law, protect federal constitutional guarantees, and ensure accountability for fraud, obstruction, and professional misconduct committed under color of legal authority.

This action seeks to vindicate the Plaintiff's rights guaranteed under 42 U.S.C. §§ 1983, 1985, and 12203, and to preserve the fundamental principles of judicial integrity, equal protection, and access to justice.

**Respectfully submitted,**
Dated: November 10, 2025
Signature: 11 / 10 / 2025

**Ibrahim Shehatta Gerges Farag (Pro Se)**
2528 Frederick Douglass Blvd
New York, NY 10030
Tel: (727) 244-9787
Email: Ibrahim.topharman@gmail.com

## Exhibit List – Federal Case (Tampa)

**COUNT I – Fraud Upon the Court (Unauthorized Appearance after Clerk's Default)**
1. Court Order dated April 23, 2024.
2. Proof of mailing of the Court Order dated May 3, 2024.
3. Clerk's Default issued on May 28, 2025, confirming Plaintiff's Pro Se representation.
4. Motion for Default Judgment based on the Clerk's Default, and Notice of Self-Representation dated June 6, 2025.
5. Unauthorized appearance by attorney after Clerk's Default, with email correspondence proving lack of legal authority.

**COUNT II – Misrepresentation and Denial of Proper Service**
6. Motion to Dismiss dated June 16, 2025.
7. Proof of proper service to Respondent, contrary to Respondent's denial.
8. Proof of proper service to the second Respondent (brother of the first Respondent).

**COUNT III – Abuse of Process**
9. Same Motion dated June 16, 2025, used as evidence of repeated and misleading procedural conduct.

**COUNT IV – Unlawful Motion to Strike**
10. Motion dated June 19, 2025, seeking to strike all Plaintiff's filings without legal basis or evidence.

**COUNT V – Language Discrimination and Denial of Interpreter**
11. Memorandum dated October 15, 2025, refusing to allow an Arabic interpreter during proceedings.

**COUNT VI – Duplicative Motion and Misleading Conduct**
12. Repetitive Motion with identical allegations dated October 20, 2025.
13. Court Order dated August 6, 2025, denying the first Motion as lacking evidence.

**COUNT VII – Emotional and Procedural Harm**
14. Request for Judgment dated July 10, 2025.
15. Memorandum warning against baseless accusations or filings without legal grounds.
16. New York medical prescriptions confirming PTSD-related treatment.
17. Egyptian medical prescriptions (officially translated) confirming continuity of treatment.
18. Egyptian court judgment regarding psychological harm, filed without the full case record.

FILED 04/23/2024 12:12:42 KEN BURKE, CLERK OF THE CIRCUIT COURT AND COMPTROLLER, PINELLAS COUNTY FLORIDA

**IN THE CIRCUIT COURT FOR PINELLAS COUNTY FLORIDA**
**PROBATE DIVISION**

IN RE: THE ESTATE OF  MOHSEN KHALAF HANNA

REF #:19-008078-ES  Section 003

**ORDER**

THIS CAUSE COMING on to be heard upon the Petition for Administration filed in this cause, and the Court having reviewed said petition and attachments, hereby FINDS:

1) That inadequate information or documentation has been submitted.
2) **That all responses to this Order must be in written form as a separate pleading for expedited review.**
3) That per Administrative Order 2021-53, attorneys must e-file all documents except Wills.
4) That the following checked item(s) must be addressed prior to the Court's consideration of said Petition:

☒  Other: Counsel will be need to Represent you in this type of case. Please call the following for Free and Low-Cost Options: Community Law Program (727) 582-7480 and Gulfcoast Legal Services (727) 821-0726 for Assistance.

_____

_____

**DONE AND ORDERED** in Chambers.

04/23/2024 10:23:19 AM

Sherwood Coleman, Circuit Judge
**Circuit Judge**

Copy to Ibrahim Farag:

Via mail

(ORCK) Order Checklist – Intake 4/19 rev. 03/15/24 JCC                     Name: ES Order Checklist - Intake

## IN THE CIRCUIT COURT FOR PINELLAS COUNTY FLORIDA
## PROBATE DIVISION

IN RE: THE ESTATE OF  MOHSEN KHALAF HANNA

**REF #**:**19-008078-ES**  Section 003

## <u>ORDER</u>

      **THIS CAUSE COMING** on to be heard upon the Petition for Administration filed in this cause, and the Court having reviewed said petition and attachments, hereby FINDS:

1)   That inadequate information or documentation has been submitted.
2)   **That all responses to this Order must be in written form as a separate pleading for expedited review.**
3)   That per Administrative Order 2021-53, attorneys must e-file all documents except Wills.
4)   That the following checked item(s) must be addressed prior to the Court's consideration of said Petition:

☒   Other: Counsel will be need to Represent you in this type of case. Please call the following for Free and Low-Cost Options: Community Law Program (727) 582-7480 and Gulfcoast Legal Services (727) 821-0726 for Assistance.

_____

_____

**DONE AND ORDERED** in Chambers.

04/23/2024 10:23:19 AM

Sherwood Coleman, Circuit Judge

Circuit Judge

Copy to Ibrahim Farag:

Via mail

Filing # 223973475 E-Filed 05/28/2025 02:45:13 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
PROBATE DIVISION

*19-8078-ES*

IN RE: The Estate of
MOHSEN KHALAF HANNA, Deceased.
Case No.: 522019CP008078XXXXES

PETITIONER'S MOTION FOR CLERK'S DEFAULT

Petitioner, IBRAHIM FARAG, respectfully moves for a Clerk's Default against
MAGDA BISHARA and MONEER HANNA for failing to respond within 20 days of service.

1. Respondents were served on April 7, 2025 by Pinellas County Sheriff.
2. More than 20 days have passed with no appearance or response filed.
3. Respondents are not minors or incompetent persons.

WHEREFORE, Petitioner requests the Clerk to enter default against Respondents.

Respectfully submitted,

IBRAHIM FARAG
Pro Se Petitioner
2528 Fredrick Douglas Blvd, New York City, NY 10030
Phone: 727-244-9787
Email: ibrahim.topharman@gmail.com
Date: May 28, 2025

STATE OF FLORIDA-PINELLAS COUNTY
I hereby certify that the foregoing is
a true copy as the same appears among
the files and records of this court.
Date June 5th 2025
KEN BURKE
Clerk of Circuit Court & Comptroller
By

FILED
PROBATE COURT RECORDS

JUN 06 2025

KEN BURKE
CLERK CIRCUIT COURT

June 6, 2025

Clerk of the Court
Pinellas County Circuit Court
315 Court Street
Clearwater, FL 33756

```
┌─────────────────────────────────┐
│            FILED                │
│   PROBATE COURT RECORDS         │
│                                 │
│         JUN 0 6 2025            │
│                                 │
│          KEN BURKE             │
│     CLERK CIRCUIT COURT        │
└─────────────────────────────────┘
```

RE: Submission of Final Judgment Package
Case No.: 19008078ES

Dear Clerk of the Court,

I, Ibrahim Farag, the Plaintiff in the above-referenced case, respectfully submit the enclosed package in support of my Motion for Final Judgment by Default against the Defendants, Magda Bishara and Moneer Hanna. This package includes all required legal documents, affidavits, evidentiary exhibits, and proposed orders for your review.

I request that this filing be entered into the record and forwarded to the assigned judge for consideration. I am representing myself (pro se) in this matter.

Please do not hesitate to contact me if further information or clarification is needed.

Sincerely,

Ibrahim Farag

2528 Frederick Douglass Blvd

New York City, NY 10030

Phone: 727-244-9787

Email: ibrahim.topharman@gmail.com

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA    *19-008078-ES*
PROBATE DIVISION

Case No.: 19008078ES

```
                                                    ┌────────────────────────┐
                                                    │          FILED         │
                                                    │ PROBATE COURT RECORDS  │
IN RE: THE ESTATE OF                                │       JUN 09 2025       │
MOHSEN HANNA,                                       │       KEN BURKE         │
_____/                  │  CLERK CIRCUIT COURT    │
                                                    └────────────────────────┘
```

NOTICE OF TERMINATION OF ATTORNEY REPRESENTATION
AND ENTRY OF PRO SE APPEARANCE

COMES NOW, Ibrahim Farag, the undersigned, and hereby files this Notice of Termination of
Attorney Representation and Entry of Pro Se Appearance in the above-captioned matter.

I hereby notify the Court that I am terminating the legal representation of attorney Vano I.
Haroutunian of Ballon Stoll P.C., who had previously appeared on my behalf in this proceeding.

This termination is due to persistent neglect, unreasonable delays, lack of responsibility, and the
attorney?s failure to take necessary legal action to advance or protect my interests in this case.

I will now proceed as a self-represented litigant (Pro Se) and request that all future
communications and notices be directed to me at the following address:

Ibrahim Farag
2528 Frederick Douglass Blvd
New York, NY 10030
Phone: 727-244-9787
Email: Ibrahim.topharman@gmail.com

I certify that a copy of this notice has been sent to my former attorney at:
Ballon Stoll P.C.
Attn: Vano I. Haroutunian, Esq.
810 Seventh Avenue, 17th Floor
New York, NY 10019

Respectfully submitted,

Dated: June 08, 2025

*Ibrahim Farag*
Ibrahim Farag (Pro Se)

Filing # 225010817 E-Filed 06/11/2025 12:28:34 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY FLORIDA**
**PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

                                      Case No: 19-008078-ES

    Deceased.

IBRAIHIM FARAG,

    Petitioner,

v.                                    Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

    Respondent.

_____/

**NOTICE OF APPEARANCE AND**
**DESIGNATION OF E-MAIL ADDRESS PURSUANT TO RULE 2.516**

NOTICE IS HEREBY GIVEN of the appearance of Robert Persante, Zackary
T. Zuroweste, Darren M. Stotts, Anastasia Landon Underwood, and
PERSANTEZUROWESTE as attorneys for MAGDA KHALAF BISHARA, as Personal
Representative for the Estate of Moshsen Khalaf Hanna. All future
correspondence, pleadings and other papers filed in this matter shall be served
on the undersigned attorneys.

Pursuant to Rule 2.516, the undersigned attorneys hereby designate the
following e-mail address for the purpose of service of all documents required to
be served in this proceeding: Primary E-Mail Address: firm@persantelaw.com.

Respectfully submitted,

*/s/ Robert Persante*
Robert Persante, Esq. - FBN: 376698
Zackary T. Zuroweste, Esq. -  FBN: 28707
Darren M. Stotts, Esq. - FBN: 107221
Anastasia L. Underwood. – FBN: 1032191
PERSANTE ZUROWESTE, P.A.
2555 Enterprise Road, Suite 15
Clearwater, Florida 33763-1118
Firm@Persantelaw.com
Tel: 727-796-7666/Fax: 727-796-8099
Attorneys for MAGDA KHALAF BISHARA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of June, 2025, the foregoing document has been furnished via the Florida e-filing portal or email to Danielle Rosenberg, drosenberg@ballonstoll.com.

*/s/ Robert Persante*

2

Filing # 225103165 E-Filed 06/12/2025 11:48:40 AM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

   Case No: 19-008078-ES

  Deceased.

IBRAIHIM FARAG,

  Petitioner,

v.          Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

  Respondent.

_____/

**EXHIBIT "A"**

| From: | Danielle Rosenberg |
|---|---|
| To: | Anastasia Landon Underwood |
| Cc: | Tyler Fierro; Vano Haroutunian; Persante Zuroweste, P.A. |
| Subject: | Re: 12:30 Call Today |
| Date: | Monday, June 2, 2025 12:40:14 PM |
| Attachments: | Outlook-A picture .png |

Confirmed, thank you.

Danielle K. Conn Rosenberg
Partner

BALLON STOLL P.C.
Tel: 212.575.7900
Fax: 212.764.5060
drosenberg@ballonstoll.com

810 7th Ave, Suite 405, New York, NY 10019
www.ballonstoll.com



**From:** Anastasia Landon Underwood <anastasia@persantelaw.com>
**Sent:** Monday, June 2, 2025 12:38 PM
**To:** Danielle Rosenberg <drosenberg@ballonstoll.com>
**Cc:** Tyler Fierro <tfierro@ballonstoll.com>; Vano Haroutunian <vharoutunian@ballonstoll.com>;
Persante Zuroweste, P.A. <firm@persantelaw.com>
**Subject:** RE: 12:30 Call Today

Good afternoon,

Thank you for agreeing to extend the deadline to respond to the Petition to Revoke Probate, To Remove Personal Representative, and to Appoint New Personal Representative to **June 16, 2025**. If you can respond to confirm your acknowledgment, that would be great.

Thanks,

Anastasia

Filing # 225334262 E-Filed 06/16/2025 01:29:17 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

     Deceased.

IBRAIHIM FARAG,

     Petitioner,

v.

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

     Respondent.

_____/

Case No: 19-008078-ES

Adversary Proceeding

**MOTION TO DISMISS AND/OR MOTION TO STRIKE PETITION TO REVOKE
PROBATE, TO REMOVE PERSONAL REPRESENTATIVE, AND TO APPOINT
<u>NEW PERSONAL REPRESENTATIVE</u>**

     MAGDA KHALAF BISHARA, individually and as former Personal

Representative of the Estate, by and through her undersigned counsel, files this

Motion to Dismiss and/or Motion to Strike Petition to Revoke Probate, to Remove

Personal Representative, and to Appoint New Personal Representative

("Petition"), and states the following:

**I.    INTRODUCTION**

     Magda ("Magda") Bishara is the sister of the Decedent, Mohsen Hanna.

Magda and Decedent always maintained a close, loving relationship, even while

he lived overseas. Decedent made yearly visits to Magda's home in Clearwater

and kept a bedroom in her home. The Decedent suffered from Parkinson's and

required assistance as he neared the end of his life. To Magda's knowledge, Petitioner served as the Decedent's personal assistant. She had no indication or knowledge that Petitioner and her brother were in a romantic relationship, let alone married.

When the Decedent passed away on April 3, 2019, in Egypt, he held assets in the United States necessitating this probate proceeding. After learning of Decedent's death, Magda collected the death certificate from the Arab Republic of Egypt, which memorialized that he was unmarried at death. After Decedent's death, Magda's husband, Macari, spoke and emailed with Petitioner to discuss the Decedent's death and assets. Petitioner never represented he was married to the Decedent.

Shortly after her brother's death, Magda traveled to Cairo, Egypt, where the Decedent resided at the time of his death, to collect his personal belongings. She discovered his apartment to be barren, with his phone and laptop gone and the safety deposit box completely emptied. The floor was suspiciously littered with currency straps, seemingly from bundles of cash. Additionally, Magda learned that, prior to her brother's death, Petitioner claimed that he was appointed as Decedent's attorney-in-fact through a power of attorney, which he used to sell the family's apartment properties in Cairo and retained the proceeds. Magda suspected that a theft had taken place and hired a lawyer to investigate, which resulted in an Egyptian court criminal judgment against Petitioner.[1] On information and belief, the stolen items include Rolex watches, a significant

---

[1] The judgment and certified translation is attached hereto as **Composite Exhibit A**.

amount of cash, and account statements detailing the Decedent's assets. It is Magda's understanding that Petitioner fled Egypt to avoid his jail sentence.

Magda was appointed and served as the Decedent's Personal Representative, receiving her Letters of Administration on September 23, 2019. The Estate consisted only of three (3) accounts totaling less than $100,000.00. This Court entered an order of discharge on March 21, 2020, closing the estate.

While Petitioner claims that Magda caused an article to be published in Egyptian publications stating that Petitioner and Decedent were in a same-sex relationship, Magda had no knowledge of such a relationship, did not speak to any journalists, and found out about the article from friends after the fact. Magda never knew her brother to be in any same sex relationship, much less one with Petitioner.

Magda, through her counsel, is investigating the marriage license Petitioner submitted. The address listed on the 2017 marriage record Petitioner filed has the address "311 39th Apartment #2210 New York, NY 10013," but this appears to be the address of the Element New York Times Square West hotel, not a residential apartment building, and which appears to have been operating since 2010. Further investigation into the validity of the marriage license is required and ongoing to evaluate Petitioner's claims.

Magda denies knowledge of the alleged marriage and other wrongdoings against Petitioner. Separate and apart from the baseless claims in the Petition, Petitioner has launched a series of personal attacks on Magda and her family, including threatening to kill her other brother, Moneer, and falsely contacting

3

Magda's children to claim that they were fathered by someone other than her husband, Macari. This Petition appears to be yet another attack on Magda and her family as retribution for some perceived slight that never occurred.

And, as more fully described below, this Petition is fraught with procedural errors and must be dismissed or stricken.

## II.    PROCEDURAL BACKGROUND

A Motion to Dismiss and/or Motion to Strike is appropriate because the Petition is adversarial, invoking the Florida Rules of Civil Procedure. Petitions to revoke probate and remove a personal representative are specifically enumerated as "adversary proceedings" and therefore "must be conducted similar to suits of a civil nature[.]" Fla. Prob. R. 5.025. As a result, the Florida Rules of Civil Procedure govern this proceeding. A Motion to Dismiss for failure to state a cause of action (Fla. Stat. 1.140(b)) and a Motion to Strike (Fla. Stat. 1.140(f)) are therefore procedurally appropriate responsive pleadings to the Petition.

## III.    LEGAL STANDARD – MOTION TO DISMISS

On a motion to dismiss, the Court's duty is to determine whether, assuming all allegations of a complaint are true, the pleader will be entitled to relief. *Universal Underwriters Ins. Co. v. Body Parts of Am., Inc.*, 228 So. 3d 175 (Fla. 1st DCA 2017). If the complaint does not state a cause of action on which relief can be granted, then the court must enter an order of dismissal. *Sobi v. Fairfield Resorts, Inc.*, 846 So. 2d 1204 (Fla. 5th DCA 2003).

A motion to dismiss for failure to state a cause of action pursuant to Rule 1.140(b) tests the legal sufficiency of the complaint's allegations and its

4

compliance with the pleading standards under Rule 1.110. Florida Rule of Civil Procedure 1.110 (b)(2) requires that the complaint's statement of the facts be sufficiently detailed to show that the pleader has a cause of action. *Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905, 907 (Fla. 2010). This includes identifying the causes of action and alleging facts to support each element of the action. *Goldshmidt v. Holman*, 571 So. 2d 422, 423-24 (Fla. 1990); *Collado v. Baroukh*, 226 So. 3d 924, 927-28 (Fla, 4th DCA 2017); *Alvarez v. E&A Produce Corp.*, 708 So. 2d 997,1000 (Fla. 3d DCA 1998); *Price v. Morgan*, 436 So. 2d 1116, 1121 (Fla. 5th DCA 1983); *Clark v. Boeing Co.*, 395 So. 2d 1226, 1228-29 (Fla. 3d DCA 1981).

Further, "[t]o survive a motion to dismiss, a complaint must allege a prima facie case." *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999 (Fla. 3d DCA 1998). "[W]hether a prima facie case has been pled depends on the sufficiency of the Plaintiffs' allegations of fact, excluding the bare conclusions of the Plaintiffs." *Id.* at 999-1000. "It is insufficient to plead opinions, theories, legal conclusions or argument," *Barrett v. City of Margate*, 743 So. 2d 1160, 1163 (Fla. 4th DCA 1999), and the court should ignore conclusions of law. *See Ellison v. City of Fort Lauderdale*, 175 So. 2d 198, 200 (Fla. 1965) ("For the purposes of the motion [to dismiss for failure to state a cause of action], the . . . conclusions of law or unwarranted deductions of fact are not admitted"). "Unlike the pleading requirements in the federal courts where notice pleading is the prevailing standard, the Florida Rules of Civil Procedure require fact pleading." *Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So. 2d 220, 222 (Fla. 4th DCA

2005). Under Florida law, "[e]very fact essential to the cause of action must be stated distinctively, definitely and clearly." *Loving v. Viecelli*, 164 So. 2d 560, 561 (Fla. 3d DCA 1964) (affirming dismissal of complaint where allegations were too "vague and indefinite" to state a cause of action). "Florida's pleading rule forces [a party] to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort." *Horowitz v. Laske*, 855 So. 2d 169, 173 (Fla. 5th DCA 2003).

As the party initiating the claims, plaintiffs owe a duty to the judicial system and the other litigants to determine whether he has or can develop the facts necessary to support each element of his causes of action. *Horowitz v. Laske*, 855 So. 2d at 172-73. Rule 1.110(b)(2) forces counsel to honor this responsibility to "avoid[] a great deal of wasted expense to the litigants and unnecessary judicial effort." *Id.* "[L]itigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared." *GGB Profit Sharing Partnership v. Goldberg*, 166 So. 3d 847, 849 (Fla. 2d DCA 2015) (*quoting Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So.2d 561, 563 (Fla. 1988)).

## IV.    LEGAL STANDARD – MOTION TO STRIKE

Pursuant to Rule 1.140(f), "[a] party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." Fla. R. Civ. P. 1.140. "Immaterial" means evidence "tending to prove some fact that is not properly at issue; lacking any logical

6

connection with the consequential facts." *Immaterial*, Black's Law Dictionary 816 (9th ed. 2009). Similarly, "impertinent" matter has been defined as material in a pleading "that is not relevant to the action or defense." *Id.* at 822. Striking is appropriate when the pleading is wholly irrelevant to the issues or have no bearing on the equities or ultimate determination of the action. *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1134 (Fla. 4th DCA 2003); *Varnadoe v. Union Planters Mortg. Corp.*, 898 So. 2d 992 (Fla. 5th DCA 2005).

## V.    ARGUMENT

### a. The Petition is procedurally improper.

The Petition itself is procedurally improper and must be denied. The Petition, specifically in the first and second causes of action, seeks to revoke probate and remove Ms. Bishara as the personal representative. However, as a practical matter, it is legally impossible for the Court to grant this relief sought. An Order of Discharge has already been entered—over five years ago (Docket #35)—which released Ms. Bishara as personal representative and confirmed that administration was complete. Fla. Stat. § 733.901. Therefore, there is no personal representative to remove, and one cannot revoke a closed probate. Petitioner is simply unable to reopen the Estate with the Petition as filed.

### b. The fraud allegations against Magda are time-barred.

Petitioner's causes of action based on Magda's alleged fraud—in addition to being procedurally defective and factually false—are barred by the applicable statute of limitations. The statute of limitation applicable to fraud is four years "from the time the facts giving rise to the cause of action were discovered or

7

should have been discovered with the exercise of due diligence[.]" Fla. Stat. 95.11(3)(i); 95.031(2)(a). Petitioner knew that Decedent died in 2019 as he had several communications with Magda's husband about Mohsen's estate shortly after Mohsen's death. Therefore, Petitioner knew or should have known *in 2019* that he had a claim to Mohsen's estate as a surviving spouse, as he now claims. Under these facts, the four-year limitations period expired years before the Petition was filed in March 2025.

Furthermore, the doctrine of delayed discovery does not apply. Florida courts have found that statute of limitations for actions based on fraud, as well as the "catch-all" provision in Fla. Stat. 95.11(3)(p), do not contain provisions for delayed discovery, resulting in the limitations period running as soon as the last element constituting the cause of action occurs, regardless of the plaintiff's lack of knowledge. *See Davis v. Monahan*, 832 So. 2d 708 (Fla. 2002); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment Co.*, 793 So. 2d 1127 (Fla. 5th DCA 2001); *Halkey-Roberts Corp. v. Mackal*, 641 So. 2d 445 (Fla. 2d DCA 1994).

### c. Service of the Petition failed.

The Petition was not served properly, either by formal notice or service of process. As a result, the time by which Ms. Bishara must respond has not yet begun to accrue. Under Florida's Probate Rules, adversarial proceedings, which include petitions to revoke probate and to remove a personal representative, must be served with formal notice. Fla. Prob. R. 5.025. Formal notice must be served by sending a copy by any commercial delivery service *requiring a signed receipt*. Fla. Prob. R. 5.040(a)(3). The Formal Notice of Petition, dated May 13,

8

2025, was sent via Federal Express and received by Ms. Bishara without a signature required.

While Formal Notice may also be accomplished through following the procedures for service of process set forth in the Florida Rules of Civil Procedure or otherwise by Florida law (Fla. Prob. R. 5.040(a)(3)(c)), such service requires a summons or other process authorized by law to be issued by the clerk or judge and with the seal of the court. Fla. R. Civ. P. 1.070(a). Strict compliance with service of process procedures is required to assure that a defendant receives notice of the proceedings filed and has an opportunity to defend themselves. *Vidal v. SunTrust Bank*, 41 So. 3d 401 (Fla. 4th DCA 2010); *Baraban v. Sussman*, 439 So. 2d 1046, 1047 (Fla. 4th DCA 1983). And, a court cannot proceed until proper proof of service of process is made. *Re-Employment Services, Ltd. v. National Loan Acquisitions Co.*, 969 So. 2d 467 (Fla. 5th DCA 2007).

Here, Ms. Bishara was served a copy of the Petition on April 7, 2025 at her home, but there was no summons requested from or issued by the Court, as required by Rule 1.070. Therefore, Petitioner failed service of process on Ms. Bishara.

### d. Petitioner is not suitable to be Personal Representative.

Petitioner should not be appointed as Personal Representative of the Estate because he was convicted of theft after stealing items from Decedent's apartment and due to his hostility toward Ms. Bishara and her family.

Even if the Petitioner's alleged marriage certificate is valid, which Magda does not concede, Florida probate courts have the discretion to deny

appointment based on an individual's character, ability, and experience. *Padgett v. Estate of Gilbert*, 676 So. 2d 440, 443–44 (Fla. 1st DCA 1996). Florida courts have this authority even if an individual has statutory preference and is not specifically disqualified. *Id.* In *Padgett,* for example, a trial court's refusal to appoint the decedent's father as personal representative based on his character, ability, and experience was upheld even though his civil rights were restored through obtaining clemency from a felony conviction. *Id.*

A court may find an individual unsuitable if there is hostility to those immediately interested in the estate or if they hold an interest adverse to the estate. *Boyles v. Jimenez*, 330 So. 3d 953, 960 (Fla. 4th DCA 2021). For example, in *Boyles*, the Court was found not to have abused its discretion when it found a successor personal representative unsuitable because her appointment would impede the administration of the estate, causing it to be "locked in endless and unnecessary litigation." 330 So. 3d at 960.

Here, Petitioner's hostility to Ms. Bishara and her family are evident through his outrageous lies about Ms. Bishara's family, his threat to murder Ms. Bishara's surviving brother, and his theft of the Decedent's property resulting in a formal misdemeanor conviction in Egypt. While Petitioner's misdemeanor theft conviction from Egypt may not statutorily disqualify him, the fact that the conviction is for theft of the Decedent's property demonstrates adverse interests against the estate and heirs and reflects on his moral character. A person who has committed theft should not be trusted to handle estate property and funds. Like the petitioners in *Padgett* and *Boyles*, Petitioner's character and likelihood

10

of impeding the administration and settlement of the Estate provides sufficient grounds to deny his appointment as a personal representative.

Therefore, this Court should exercise its discretion to deny the appointment of Petitioner as Personal Representative.

## CONCLUSION

Wherefore, Ms. Bishara respectfully requests that the Court enter an order denying all relief sought the Petition, award Petitioner her attorney's fees and costs under the Florida Probate Code, and grant such other and further relief as this Court deems just and proper, or, in the alternative, strike the Petition as improper and immaterial as a matter of law.

Respectfully submitted,

*/s/ Robert Persante*
Robert Persante, Esq. - FBN: 376698
Zackary T. Zuroweste, Esq. -  FBN: 28707
Darren M. Stotts, Esq. - FBN: 107221
Anastasia L. Underwood. – FBN: 1032191
PERSANTE ZUROWESTE, P.A.
2555 Enterprise Road, Suite 15
Clearwater, Florida 33763-1118
Firm@Persantelaw.com
Tel: 727-796-7666/Fax: 727-796-8099
Attorneys for Magda Bishara

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of June, 2025, the foregoing document has been furnished via the Florida e-filing portal or email to Danielle Rosenberg, drosenberg@ballonstoll.com.

*/s/ Robert Persante*

11

# Transaction Record



| TRACKING NO.: | SHIP DATE: | ESTIMATED SHIPPING CHARGES: |
|---|---|---|
| 881236680153 | May 14, 2025 | 23.22 USD |

**From address**

**Danielle Rosenberg**
Ballon Stoll P.C
810 Seventh Avenue
Suite 405
10019 NY New York
US
Phone: 2125757900
Tioseliani@ballonstoll.com

**To address**

**Moneer Hanna**
89 Kingswood Road
07086 NJ WEEHAWKEN
US
Phone: 0000000000

## Package information

| Pieces | Weight | Dimensions (LxWxH) | Carriage value | Package options |
|---|---|---|---|---|
| 1 x | 0.20 lb | | | n/a |

| Packaging type: | Service: | Pickup / drop-off type: |
|---|---|---|
| Your Packaging | FedEx Priority Overnight | I'll drop off my shipment at a FedEx location |

# Transaction Record



| TRACKING NO.: | SHIP DATE: | ESTIMATED SHIPPING CHARGES: |
|---|---|---|
| 881236602181 | May 14, 2025 | 38.67 USD |

**From address**

**Vano I. Haroutunian.**
Ballon Stoll P.C
810 Seventh Avenue
Suite 405
10019 NY New York
US
Phone: 2125757900
Tioseliani@ballonstoll.com

**To address**

**Magda Bishara**
2227 Kent Drive
33764 FL CLEARWATER
US
Phone: 0000000000

## Package information

| Pieces | Weight | Dimensions (LxWxH) | Carriage value | Package options |
|---|---|---|---|---|
| 1 x | 0.20 lb | | | n/a |

**Packaging type:**
Your Packaging

**Service:**
FedEx Priority Overnight

**Pickup / drop-off type:**
I'll drop off my shipment at a FedEx location

## Billing information

| | | |
|---|---|---|
| Bill transportation cost to: | ******358 | P.O. No.: |
| Bill duties, taxes and fees to: | | Invoice No.: |
| Your reference: | | Department No.: |

Please note: This transaction record is neither a statement nor an invoice, and does not confirm shipment tendered to FedEx or payment. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details. The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

## Hudson County Sheriff's Office
## AFFIDAVIT OF SERVICE

Service #: 1 of 1 Services

THE ESTATE OF MOHSEN KHALAF HANNA DECEASED

Docket #: 19-008078-ES
**Sheriff's #: 20058496**

MONER HANNA

IN THE CIRCUIT COURT OF THE SIXTH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY
Florida

Person/Corporation to Serve
MONER HANNA
89 KINGSWOOD ROAD
WEEHAWKEN, NJ 07086

Papers Served

PETITION TO REVOKE PROBATE, TO REMOVE PERSONAL REPRESENTATIVE, AND APPOINT NEW PERSONAL REPRESENTATIVE

I, Frank X. Schillari, SHERIFF OF HUDSON COUNTY DO HEREBY DEPUTIZE AND APPOINT DET.
J. CRUZ A DULY, SWORN OFFICER TO EXECUTE AND RETURN THE DOCUMENTS
ACCORDING TO LAW.

Date of Action: 4/7/2025

Defendant:   MONER HANNA
89 KINGSWOOD ROAD

WEEHAWKEN, NJ 07086

Time of Action: 2:00 PM

ATTEMPTS:

4/7/2025

Delivered To
Relationship

| Race | Sex | Height | Weight | Eyes | Hair | Age |
|------|-----|--------|--------|------|------|-----|
|      | MALE | 5'6" | 150 | BROWN | GRAY | 60'S |

ABDULLAH SAEED
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUN **07, 2027**

I, DET. J. CRUZ, WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

DET. J. CRUZ                                    4/7/25
                                                DATED

***ELECTRONICALLY FILED 05/28/2025 02:45:13 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

**PROOF OF SERVICE**

| | Hearing Date | Hearing Time | Dept./Div. | Case Number |
|---|---|---|---|---|
| | | | | 19-008078-ES |

Filing # 223973475 E-Filed 05/28/2025 02:45:13 AM

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the PETITION TO REVOKE PROBATE, TO REMOVE PERSONAL REPRESENTATIVE, AND TO APPOINT NEW PERSONAL REPRESENTATIVE, AFFIDAVIT OF HEIRSHIP

3.   a.   *Party served:*     Magda Bishara
     b.   *Person served:*     Magda Bishara , White , Female , Age: 70 , Hair: Brown , Height: 5'5" , Weight: 140

4. *Address where the party was served:*   2227 Kent Drive, Clearwater , FL 33764

5. *I served the party:*
     a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Apr 07 2025 (2) at: 03:30 PM

6. **Person Who Served Papers:**
     a. Mark Maraventano                     d. *The Fee for Service was:*
     b. **FIRST LEGAL**
       3600 Lime Street, Suite 626
       RIVERSIDE, CA 92501
     c. (888) 599-5039

7. *I declare under penalty of perjury that the foregoing is true and correct.*

4/18/2025 _____
    *(Date)*                   *(Signature)*

**FL** FIRST LEGAL                   **PROOF OF**
                                      **SERVICE**                   13044851
                                                          (403902)

Filing # 225642268 E-Filed 06/19/2025 04:27:27 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

       Deceased.

Case No: 19-008078-ES

IBRAIHIM FARAG,

       Petitioner,

v.

Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

       Respondent.

_____/

**RESPONDENT MAGDA BISHARA'S MOTION TO STRIKE
PETITIONER'S "PRO SE" FILINGS**

      MAGDA KHALAF BISHARA, individually and as former Personal Representative of the Estate, by and through her undersigned counsel, files this Motion to Strike Petitioner's "Pro Se" filings, and states the following:

**I.    INTRODUCTION**

      Petitioner filed a significant number of filings individually despite the fact that he is still represented by counsel. As a result, Respondent moves to strike these numerous pleadings as improper and in violation of multiple rules of procedure.

**II.    LEGAL STANDARD – MOTION TO STRIKE**

      Pursuant to Rule 1.140(f), "[a] party may move to strike or the court may

strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." Fla. R. Civ. P. 1.140. "Immaterial" means evidence "tending to prove some fact that is not properly at issue; lacking any logical connection with the consequential facts." *Immaterial*, Black's Law Dictionary 816 (9th ed. 2009). Similarly, "impertinent" matter has been defined as material in a pleading "that is not relevant to the action or defense." *Id.* at 822. Striking is appropriate when the pleading is wholly irrelevant to the issues or have no bearing on the equities or ultimate determination of the action. *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1134 (Fla. 4th DCA 2003); *Varnadoe v. Union Planters Mortg. Corp.*, 898 So. 2d 992 (Fla. 5th DCA 2005).

### III.    ARGUMENT

Under Florida law, an attorney's representation does not cease the moment the client declares it so. Rather, "[o]nce an attorney has appeared in pending litigation to represent a party, ***that attorney cannot withdraw from the case pursuant to discharge by the client without leave of court granted by order*** after due notice to both the attorney and client." *The Florida Bar v. King*, 664 So. 2d 925, 927 (Fla. 1995), reinstatement granted sub nom. *The Florida Bar, Re: King*, 729 So. 2d 918 (Fla. 1999) (emphasis added). Representation may only terminate as provided by Florida Rule of General Practice and Judicial Administration 2.505(f) (including a written order on a motion to withdraw as counsel, substitution of counsel, or termination of the proceedings).

2

Petitioner is still represented by counsel. His counsel has not moved to withdraw as counsel, filed a motion for substitution, or otherwise done anything to effectuate termination under Florida law. No entry of an order granting Petitioner's counsel has been entered by this Court.

Additionally, Florida law requires an attorney of record to sign documents submitted to its courts. Fla. R. Gen. Prac. Jud. Admin. 2.515(a) ("Every document of a party represented by an attorney must be signed by at least 1 attorney of record[.]"). Probate courts require the same. Fla. Prob. R. 5.020(a) ("Pleadings shall be signed by the attorney of record[.]"). The documents submitted by Petitioner individually are not signed by his counsel, rendering each improper under Florida law.

Therefore, entries on the Docket numbered 55 to 97, as well as any other filings submitted by Petitioner individually, rather than submitted and signed by his counsel, are immaterial, improper, and should be stricken as a matter of law.

## IV.    CONCLUSION

Wherefore, Ms. Bishara respectfully requests that the Court enter an order striking all filings by Petitioner, individually and not through his counsel, as improper and immaterial as a matter of law, and grant such other and further relief as this Court deems just and proper.

### CERTIFICATE OF CONFERRAL

I certify that prior to filing this motion, I discussed with opposing counsel, Danielle Rosenberg, Esq, the relief requested in this motion by email and by telephone conference on June 16, 17, and 19, 2025, and opposing counsel agrees to the relief sought.

Respectfully submitted,

*/s/ Anastasia L. Underwood*
Robert Persante, Esq. - FBN: 376698
Zackary T. Zuroweste, Esq. -  FBN: 28707
Darren M. Stotts, Esq. - FBN: 107221
Anastasia L. Underwood. – FBN: 1032191
PERSANTE ZUROWESTE, P.A.
2555 Enterprise Road, Suite 15
Clearwater, Florida 33763-1118
Firm@Persantelaw.com
Tel: 727-796-7666/Fax: 727-796-8099
Attorneys for MAGDA KHALAF BISHARA, as
Personal Representative

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June, 2025, the foregoing document has been furnished via the Florida e-filing portal or email to Danielle Rosenberg, drosenberg@ballonstoll.com.

*/s/ Anastasia L. Underwood*

4

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY FLORIDA**
**PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

      Deceased.

Case No: 19-008078-ES

IBRAIHIM FARAG,

      Petitioner,

v.

Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

      Respondent.

_____/

**RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR
APPOINTMENT OF COURT INTERPRETER (ARABIC)**

      MAGDA KHALAF BISHARA, individually and as former Personal Representative of the Estate, by and through her undersigned counsel, files this Response to Petitioner's Motion for Appointment of Court Interpreter (Arabic) ("Motion"), and states the following:

**I.    INTRODUCTION**

      On the day Mr. Farag filed his Motion *pro se*, he was and remains represented by his counsel-of-record, Ms. Rosenberg, Esq. While Ms. Rosenberg and her law firm have filed a Motion to Withdraw (on September 30, 2025) and there has been no objection to Ms. Rosenberg's withdrawal from either her client or Ms. Bishara, the withdrawal has not been granted by the Court. This court

should not entertain Mr. Farag's *pro se* filing while he is still represented by counsel. As Ms. Bishara has argued in her Motion to Strike, filings by a client while he is represented by counsel should be stricken and ignored unless they were filed by counsel.

However, to directly address the Motion in the interest of judicial economy, even if Mr. Farag decides to proceed in this case *pro se*, he must do so with an interpreter at his own expense, as the Florida Rules of General Practice and Judicial Administration Rule which would allow appointment of a court interpreter at public expense does not apply to private civil actions that do not include a fundamental right. Since an interest in a probated estate is not a fundamental right, his motion must be denied.

## II.   LEGAL STANDARD

Mr. Farag moves under Florida Rules of General Practice and Judicial Administration Rule 2.560 ("The Rule") to have the court appoint an Arabic language translator to facilitate his representation of himself. Under The Rule, a person with limited English proficiency (as defined in The Rule) must have an interpreter appointed for him in a criminal or juvenile delinquency proceeding, (Fla. R. of Gen. Prac. & Jud. Admin. 2.560(b)), or if the limited-English-proficient person is a litigant and the court determines (1) "the litigant's inability to comprehend English deprives the litigant of an understanding of the court proceedings, (2) that a fundamental interest is at stake (such as in a civil commitment, termination of parental rights, paternity, or dependency proceeding), and (3) that no alternative to the appointment of an interpreter

2

exists." (Fla. R. of Gen. Prac. & Jud. Admin. 2.560(c)).

"Fundament interests" is a term of art that the Florida Supreme Court has used to qualify the types of rights that give rise to an Equal Protection challenge subject to strict scrutiny or violative of Substantive Due Process. *See Mitchell v. Moore*, 786 SO. 2d 521 (Fla. 2001); *see also, FOP v. City of Miami*, 243 So. 3d 894 (Fla. 2018). Besides the categories listed in The Rule, other fundamental interests include "the right to procreate" (*White v. Lee-Yuk*, 354 So. 3d 563 (Fla. 3d DCA 2022) (citing *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000)). Cases that have not included a "fundamental interest" include employment decisions by a city (*City of Lauderhill v. Rhames*, 864 So. 2d 432 (Fla. 4th DCA 2003)), and the right to practice law without a license (*Fla. Bar v. Neiman*, 816 So. 2d 587 (Fla. 2002)).

### III.    ARGUMENT

Mr. Farag has not demonstrated any of the three requirements necessary for court appointment of an interpreter.

A civil interest in the probate of an estate is not the same kind of fundamental interests as those that give rise to Substantive Due Process. Mr. Farag seeks the remedy of property and money, not the restoration of a fundamental liberty interest akin to raising a child or being free of a civil commitment.

Further, Mr. Farag's claim that "his ability to communicate complex legal matters in English is limited" does not meet the standard required for the appointment of an interpreter in this type of case. He must establish that his

3

inability to comprehend English deprives him of an understanding of the court proceedings. Even native English speakers would have difficulty communicating complex legal matters in English - that is why they retain lawyers. If Mr. Farag wishes to articulate his position himself *pro se*, he must do so with the understanding that his English language ability is what he must enter court with. We also respectfully submit that Mr. Farag's numerous motions and responses to pleadings demonstrates his understanding of the court proceedings.

Finally, there are alternatives to the appointment of an interpreter by the court, such as Mr. Farag retaining new counsel to represent him (to overcome the difficulty in communicating complex legal matters), paying for his own interpreter, or preparing his arguments beforehand using a translation service (whether paid or free) to assist with facilitating the communication of complex legal ideas.

Though Mr. Farag is free to retain his own interpreter (following Florida Rules of General Practice and Procedure Rule 2.565), he must do so at his own expense, just as The Rule requires.

## CONCLUSION

Wherefore, Ms. Bishara respectfully requests that the Court deny Mr. Farag's Motion for Appointment of Court Interpreter (Arabic).

4

Respectfully submitted;

/s/ Robert Persante
Robert Persante, Esq. - FBN: 376698
Zackary T. Zuroweste, Esq. -  FBN: 28707
Darren M. Stotts, Esq. - FBN: 107221
James A. Klinedinst, Esq. – FBN: 117522
PERSANTE ZUROWESTE, P.A.
2555 Enterprise Road, Suite 15
Clearwater, Florida 33763-1118
Firm@Persantelaw.com
Tel: 727-796-7666/Fax: 727-796-8099
Attorneys for Magda Bishara

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of October, 2025, the foregoing document has been furnished via the Florida e-filing portal or email to Danielle Rosenberg, drosenberg@ballonstoll.com .

/s/ Robert Persante

5

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

                                       Case No: 19-008078-ES

    Deceased.

IBRAIHIM FARAG,

    Petitioner,

v.                                  Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

    Respondent.
_____/

**AMENDED MOTION TO DISMISS AND/OR MOTION TO STRIKE PETITION
TO REVOKE PROBATE, TO REMOVE PERSONAL REPRESENTATIVE, AND
TO APPOINT NEW PERSONAL REPRESENTATIVE**

MAGDA KHALAF BISHARA, individually and as former Personal
Representative of the Estate, by and through her undersigned counsel, files this
Motion to Dismiss and/or Motion to Strike Petition to Revoke Probate, to Remove
Personal Representative, and to Appoint New Personal Representative
("Petition"), and states the following:

**I.    INTRODUCTION**

Petitioner filed the Petition in the original probate action seeking relief from
the final order of discharge of the Personal Representative. The Petition is time
barred from seeking relief in this probate action because it was filed more than
five (5) years after the final order, far beyond the one-year time limitation in

Florida Rule of Civil Procedure 1.540(b).

## II.    FACTUAL BACKGROUND

Magda ("Magda") Bishara is the sister of the Decedent, Mohsen Hanna. Magda and Decedent always maintained a close, loving relationship, even while he lived overseas. Decedent made yearly visits to Magda's home in Clearwater and kept a bedroom in her home. The Decedent suffered from Parkinson's and required assistance as he neared the end of his life. To Magda's knowledge, Petitioner served as the Decedent's personal assistant. She had no indication or knowledge that Petitioner and her brother were in a romantic relationship, let alone married.

When the Decedent passed away on April 3, 2019, in Egypt, he held assets in the United States necessitating this probate proceeding. After learning of Decedent's death, Magda collected the death certificate from the Arab Republic of Egypt, which memorialized that he was unmarried at death. After Decedent's death, Magda's husband, Macari, spoke and emailed with Petitioner to discuss the Decedent's death and assets. Petitioner never represented he was married to the Decedent.

Shortly after her brother's death, Magda traveled to Cairo, Egypt, where the Decedent resided at the time of his death, to collect his personal belongings. She discovered his apartment to be barren, with his phone and laptop gone and the safety deposit box completely emptied. The floor was suspiciously littered with currency straps, seemingly from bundles of cash. Additionally, Magda learned that, prior to her brother's death, Petitioner claimed that he was

2

appointed as Decedent's attorney-in-fact through a power of attorney, which he used to sell the family's apartment properties in Cairo and retained the proceeds. Magda suspected that a theft had taken place and hired a lawyer to investigate, which resulted in an Egyptian court criminal judgment against Petitioner.[1] On information and belief, the stolen items include Rolex watches, a significant amount of cash, and account statements detailing the Decedent's assets. It is Magda's understanding that Petitioner fled Egypt to avoid his jail sentence.

Magda was appointed and served as the Decedent's Personal Representative, receiving her Letters of Administration on September 23, 2019. The Estate consisted only of three (3) accounts totaling less than $100,000.00. **This Court entered an order of discharge on March 21, 2020, closing the estate**.

While Petitioner claims that Magda caused an article to be published in Egyptian publications stating that Petitioner and Decedent were in a same-sex relationship, Magda had no knowledge of such a relationship, did not speak to any journalists, and found out about the article from friends after the fact. Magda never knew her brother to be in any same sex relationship, much less one with Petitioner.

Magda, through her counsel, is investigating the marriage license Petitioner submitted. The address listed on the 2017 marriage record Petitioner filed has the address "311 39th Apartment #2210 New York, NY 10013," but this appears to be the address of the Element New York Times Square West hotel,

---

[1] The judgment and certified translation is attached hereto as **Composite Exhibit A**.

3

not a residential apartment building, and which appears to have been operating since 2010. Further investigation into the validity of the marriage license is required and ongoing to evaluate Petitioner's claims.

Magda denies knowledge of the alleged marriage and other wrongdoings against Petitioner. Separate and apart from the baseless claims in the Petition, Petitioner has launched a series of personal attacks on Magda and her family, including threatening to kill her other brother, Moneer, and falsely contacting Magda's children to claim that they were fathered by someone other than her husband, Macari. This Petition appears to be yet another attack on Magda and her family as retribution for some perceived slight that never occurred.

And, as more fully described below, this Petition is fraught with procedural errors and must be dismissed or stricken.

## III.    PROCEDURAL BACKGROUND

A Motion to Dismiss and/or Motion to Strike is appropriate because the Petition is adversarial, invoking the Florida Rules of Civil Procedure. Petitions to revoke probate and remove a personal representative are specifically enumerated as "adversary proceedings" and therefore "must be conducted similar to suits of a civil nature[.]" Fla. Prob. R. 5.025. As a result, the Florida Rules of Civil Procedure govern this proceeding. A Motion to Dismiss for failure to state a cause of action (Fla. Stat. 1.140(b)) and a Motion to Strike (Fla. Stat. 1.140(f)) are therefore procedurally appropriate responsive pleadings to the Petition.

## IV.  LEGAL STANDARD – MOTION TO DISMISS

On a motion to dismiss, the Court's duty is to determine whether, assuming all allegations of a complaint are true, the pleader will be entitled to relief. *Universal Underwriters Ins. Co. v. Body Parts of Am., Inc.*, 228 So. 3d 175 (Fla. 1st DCA 2017). If the complaint does not state a cause of action on which relief can be granted, then the court must enter an order of dismissal. *Sobi v. Fairfield Resorts, Inc.*, 846 So. 2d 1204 (Fla. 5th DCA 2003).

A motion to dismiss for failure to state a cause of action pursuant to Rule 1.140(b) tests the legal sufficiency of the complaint's allegations and its compliance with the pleading standards under Rule 1.110. Florida Rule of Civil Procedure 1.110 (b)(2) requires that the complaint's statement of the facts be sufficiently detailed to show that the pleader has a cause of action. *Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905, 907 (Fla. 2010). This includes identifying the causes of action and alleging facts to support each element of the action. *Goldshmidt v. Holman*, 571 So. 2d 422, 423-24 (Fla. 1990); *Collado v. Baroukh*, 226 So. 3d 924, 927-28 (Fla, 4th DCA 2017); *Alvarez v. E&A Produce Corp.*, 708 So. 2d 997,1000 (Fla. 3d DCA 1998); *Price v. Morgan*, 436 So. 2d 1116, 1121 (Fla. 5th DCA 1983); *Clark v. Boeing Co.*, 395 So. 2d 1226, 1228-29 (Fla. 3d DCA 1981).

Further, "[t]o survive a motion to dismiss, a complaint must allege a prima facie case." *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999 (Fla. 3d DCA 1998). "[W]hether a prima facie case has been pled depends on the sufficiency of the Plaintiffs' allegations of fact, excluding the bare conclusions of the Plaintiffs."

5

*Id.* at 999-1000. "It is insufficient to plead opinions, theories, legal conclusions or argument," *Barrett v. City of Margate*, 743 So. 2d 1160, 1163 (Fla. 4th DCA 1999), and the court should ignore conclusions of law. *See Ellison v. City of Fort Lauderdale*, 175 So. 2d 198, 200 (Fla. 1965) ("For the purposes of the motion [to dismiss for failure to state a cause of action], the . . . conclusions of law or unwarranted deductions of fact are not admitted"). "Unlike the pleading requirements in the federal courts where notice pleading is the prevailing standard, the Florida Rules of Civil Procedure require fact pleading." *Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So. 2d 220, 222 (Fla. 4th DCA 2005). Under Florida law, "[e]very fact essential to the cause of action must be stated distinctively, definitely and clearly." *Loving v. Viecelli*, 164 So. 2d 560, 561 (Fla. 3d DCA 1964) (affirming dismissal of complaint where allegations were too "vague and indefinite" to state a cause of action). "Florida's pleading rule forces [a party] to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort." *Horowitz v. Laske*, 855 So. 2d 169, 173 (Fla. 5th DCA 2003).

As the party initiating the claims, plaintiffs owe a duty to the judicial system and the other litigants to determine whether he has or can develop the facts necessary to support each element of his causes of action. *Horowitz v. Laske*, 855 So. 2d at 172-73. Rule 1.110(b)(2) forces counsel to honor this responsibility to "avoid[] a great deal of wasted expense to the litigants and unnecessary judicial effort." *Id.* "[L]itigants at the outset of a suit must be

6

compelled to state their pleadings with sufficient particularity for a defense to be prepared." *GGB Profit Sharing Partnership v. Goldberg*, 166 So. 3d 847, 849 (Fla. 2d DCA 2015) (*quoting Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So.2d 561, 563 (Fla. 1988)).

## V.    LEGAL STANDARD – MOTION TO STRIKE

Pursuant to Rule 1.140(f), "[a] party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time." Fla. R. Civ. P. 1.140. "Immaterial" means evidence "tending to prove some fact that is not properly at issue; lacking any logical connection with the consequential facts." *Immaterial*, Black's Law Dictionary 816 (9th ed. 2009). Similarly, "impertinent" matter has been defined as material in a pleading "that is not relevant to the action or defense." *Id.* at 822. Striking is appropriate when the pleading is wholly irrelevant to the issues or have no bearing on the equities or ultimate determination of the action. *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1134 (Fla. 4th DCA 2003); *Varnadoe v. Union Planters Mortg. Corp.*, 898 So. 2d 992 (Fla. 5th DCA 2005).

## VI.    ARGUMENT

### a.  The Petition is procedurally improper.

The Petition itself is procedurally improper and must be denied. The Petition, specifically in the first and second causes of action, seeks to revoke probate and remove Ms. Bishara as the personal representative. However, as a practical matter, it is legally impossible for the Court to grant this relief sought. An Order of Discharge has already been entered—over five years ago (Docket

#35)—which released Ms. Bishara as personal representative and confirmed that administration was complete. Fla. Stat. § 733.901. Therefore, there is no personal representative to remove, and one cannot revoke a closed probate more than a year after it has closed. Petitioner is simply unable to reopen the Estate with the Petition as filed.

### b. The fraud allegations against Magda are time-barred.

Petitioner's request to revoke probate for the alleged fraud is time barred. Petitioner's request to revoke probate could have only be done by complying with Florida Rule of Civil Procedure 1.540. However, Petitioner's request is untimely. Rule 1.540(b) permits a party to seek relief from a final judgment, decree, or order for certain reasons, including "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party". **However, the rule explicitly requires that motions to relieve a party from a final judgment or order based on fraud be filed "not more than 1 year after the judgment, decree, order, or proceeding was entered or taken."** Fla. R. Civ. Pro. 1.540(b).

Here, the Order of Discharge was entered in March 2020. The Petitioner filed the Petition to Revoke Probate in March 2025. This five-year delay places the action well outside the one-year limitation period imposed by Rule 1.540(b) for motions to relieve a party from a final judgment or order based on fraud or misconduct.

Petitioner cites caselaw regarding "extrinsic fraud," which he avers provides him relief. This is of no consequence to the Probate Court. It only

8

matters if Petitioner chooses to pursue his claims in another court.

Florida courts have described the distinction between extrinsic fraud, which prevents a party from presenting their case in court, and intrinsic fraud, which occurs during the proceeding such as false testimony. *See, e.g., Declaire v. Yohanan,* 453 So. 2d 375 (Fla. 1984). However, the plain language of the rule negates that distinction for motions filed to set aside a judgment or order. Rule 1.540(b)(3) states explicitly that a request for relief from an order or judgment applies for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party".

Why then, does the distinction matter between intrinsic and extrinsic fraud if the result is the same, a one-year time limitation? The distinction still matters because Rule 1.540 states "[t]his rule does not limit a court to entertain an independent action to relieve a party from judgment, decree order or proceeding, or to set aside a judgment or decree for fraud upon the court" (emphasis added). The Rule continues, "the procedure for obtaining any relief from a judgment or decree shall be by motion or by an independent action" (emphasis added). Prior to the adoption of Rule 1.540(b), intrinsic fraud was unavailable as a means to attack a final judgment.

The adoption of Rule 1.540 expanded the grounds upon which a final judgment could be attacked, but it simultaneously limited the time period to one year in cases involving those newly expanded grounds. *Declaire,* 453 at 378. Although the rule does not limit the power of a court to entertain an independent action to set aside a judgment for fraud upon the court, where relief from a

9

judgment is sought by motion "in the action in which the judgment was rendered," as Petitioner has done here, he is subject to the one-year time limit. *Id.* Conversely, seeking relief by independent action involves filing a new complaint, making service of process, and following the procedure of other civil actions. *Id.* (citation omitted).

Petitioner could avail himself of other potential avenues, as the Florida Supreme Court clearly stated, "[Florida Rule for Civil Procedure 1.540(b)] clearly preserves the equitable remedy of an independent action where extrinsic fraud is established. *See, also, Marlow v. Newrez, LLC*, 392 So. 3d 874 (Fla. 2d DCA 2024) (finding a claim for fraud within rule 1.540(b), not by an independent action, time barred as it was filed more than a year after the final order). However, because this Petition is filed as a continuation of the original probate case (Case No: 19-008078-ES) and seeks relief from the Order of Discharge via a motion/petition in the probate division, it falls under the mandatory one-year limitation set forth in Rule 1.540(b). As such, even assuming everything Petitioner alleged was true in the Petition, he would still be time-barred from revoking probate.

### c. Petitioner is not suitable to be Personal Representative.

Petitioner should not be appointed as Personal Representative of the Estate because he was convicted of theft after stealing items from Decedent's apartment and due to his hostility toward Ms. Bishara and her family.

Even if the Petitioner's alleged marriage certificate is valid, which Magda does not concede, Florida probate courts have the discretion to deny

appointment based on an individual's character, ability, and experience. *Padgett v. Estate of Gilbert*, 676 So. 2d 440, 443–44 (Fla. 1st DCA 1996). Florida courts have this authority even if an individual has statutory preference and is not specifically disqualified. *Id.* In *Padgett,* for example, a trial court's refusal to appoint the decedent's father as personal representative based on his character, ability, and experience was upheld even though his civil rights were restored through obtaining clemency from a felony conviction. *Id.*

A court may find an individual unsuitable if there is hostility to those immediately interested in the estate or if they hold an interest adverse to the estate. *Boyles v. Jimenez*, 330 So. 3d 953, 960 (Fla. 4th DCA 2021). For example, in *Boyles*, the Court was found not to have abused its discretion when it found a successor personal representative unsuitable because her appointment would impede the administration of the estate, causing it to be "locked in endless and unnecessary litigation." 330 So. 3d at 960.

Here, Petitioner's hostility to Ms. Bishara and her family are evident through his outrageous lies about Ms. Bishara's family, his threat to murder Ms. Bishara's surviving brother, and his theft of the Decedent's property resulting in a formal misdemeanor conviction in Egypt. While Petitioner's misdemeanor theft conviction from Egypt may not statutorily disqualify him, the fact that the conviction is for theft of the Decedent's property demonstrates adverse interests against the estate and heirs and reflects on his moral character. A person who has committed theft should not be trusted to handle estate property and funds. Like the petitioners in *Padgett* and *Boyles*, Petitioner's character and likelihood

11

of impeding the administration and settlement of the Estate provides sufficient grounds to deny his appointment as a personal representative. Therefore, this Court should exercise its discretion to deny the appointment of Petition as Personal Representative.

**CONCLUSION**

Wherefore, Ms. Bishara respectfully requests that the Court enter an order denying all relief sought the Petition, award Petitioner her attorney's fees and costs under the Florida Probate Code, and grant such other and further relief as this Court deems just and proper, or, in the alternative, strike the Petition as improper and immaterial as a matter of law.

Respectfully submitted,

*/s/ Robert Persante*
Robert Persante, Esq. - FBN: 376698
Zackary T. Zuroweste, Esq. -  FBN: 28707
Darren M. Stotts, Esq. - FBN: 107221
James A. Klinedinst, Esq. – FBN: 117522
PERSANTE ZUROWESTE, P.A.
2555 Enterprise Road, Suite 15
Clearwater, Florida 33763-1118
Firm@Persantelaw.com
Tel: 727-796-7666/Fax: 727-796-8099
Attorneys for Magda Bishara

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of October 2025, the foregoing document has been furnished via the Florida e-filing portal or email to Ibraham Farag, *Pro Se* at ibrahim.topharman@gmail.com.

*/s/ Robert Persante*

12

FILED 08/06/2025 10:44:03 KEN BURKE, CLERK OF THE CIRCUIT COURT AND COMPTROLLER, PINELLAS COUNTY FLORIDA

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

Case No: 19-008078-ES

    Deceased.

IBRAIHIM FARAG,

    Petitioner,

v.

Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

    Respondent.

_____/

**ORDER ON MOTION TO DISMISS AND/OR TO STRIKE PETITION TO
REVOKE PROBATE, TO REMOVE PERSONAL REPRESENTATIVE,
AND TO APPOINT NEW PERSONAL REPRESENTATIVE**

    THIS CAUSE came before the Court upon Respondent MAGDA KHALAF

BISHARA's, individually and as former Personal Representative of the Estate of

Mohsen Khalaf Hanna, non-evidentiary Motion entitled Motion to Dismiss

and/or Motion to Strike Petition to Revoke Probate, to Remove Personal

Representative, and to Appoint New Personal Representative filed on June 16,

2025 (Doc. 105), in the above-styled case. Having reviewed the record, the

applicable law, and being fully advised in the premises, the Court considered the

written submissions relating to this document without hearing pursuant to

Administrative Order No. 2020-012 PA/PI-CIR, including [check all applicable]:

    __X__ Moving Party's non-evidentiary Motion

Estate of Mohsen Khalaf Hanna
Case No. 19-008078-ES
Page 2 of 2

√ Opposing Party/Counsel's Response

_____ Opposing Party/Counsel Request for Hearing

_____ Other: _____

After review, it is **ORDERED AND ADJUDGED** that the Motion is:

_____ Granted

_____ Denied

√ To Be Set for Hearing

Comments:  set a CMC by phone to discuss
status of the case + the hearing time.

_____

DONE AND ORDERED in Chambers, at Pinellas County, Florida, this 4

day of  Aug , 2025. A true and correct copy of the foregoing has been

furnished to the parties listed below.

Circuit Judge

Conformed Copies to:

Robert Persante, Esq. (via email to firm@persantelaw.com)

Danielle Rosenberg, Esq. (via email to drosenberg@ballonstoll.com)

2

Filing # 227016082 E-Filed 07/10/2025 04:37:15 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

      Deceased.

Case No: 19-008078-ES

IBRAIHIM FARAG,

      Petitioner,

v.

Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

      Respondent.

_____/

**NOTICE OF REQUEST FOR COURT TO CONSIDER MOTION
BASED ON WRITTEN SUBMISSIONS WITHOUT HEARING**

    The undersigned submits this Notice requesting that the Court consider
Respondent MAGDA KHALAF BISHARA's, individually and as former Personal
Representative of the Estate of Mohsen Khalaf Hanna, non-evidentiary 1)
Motion to Dismiss and/or Motion to Strike Petition to Revoke Probate, to
Remove Personal Representative, and to Appoint New Personal Representative
filed on June 16, 2025 (Doc. 105), and 2) Motion to Strike Petitioner's "Pro Se"
Filings filed on June 19, 2025 (Doc 107), in the above-styled case, based only
on the written submissions and without hearing pursuant to Administrative
Order No. 2020-012 PA/PI-CIR.

The opposing party shall have fifteen (15) days after being served to file their argument and legal memorandum with citations of authority in opposition to the relief requested.

On July 28, 2025, the Court may rule on the Motion at any time thereafter without further notice or hearing.

Respectfully submitted,

/s/ Robert Persante
Robert Persante, Esq. - FBN: 376698
Zackary T. Zuroweste, Esq. -  FBN: 28707
Darren M. Stotts, Esq. - FBN: 107221
Anastasia L. Underwood. – FBN: 1032191
PERSANTE ZUROWESTE, P.A.
2555 Enterprise Road, Suite 15
Clearwater, Florida 33763-1118
Firm@Persantelaw.com
Tel: 727-796-7666/Fax: 727-796-8099
Attorneys for MAGDA KHALAF BISHARA, individually and as Former Personal Representative

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of July, 2025, the foregoing document has been furnished via the Florida e-filing portal or email to Danielle Rosenberg, drosenberg@ballonstoll.com.

/s/ Robert Persante

2

19-008078-ES

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
PROBATE DIVISION
Case No.: 19-008078-ES
IN RE: THE ESTATE OF HANNA

COMBINED MEMORANDUM IN RESPONSE TO RESPONDENTS' FILING AND
MOTION FOR ORDER TO SHOW CAUSE PURSUANT TO FLA. STAT. § 57.105
COMES NOW, the Petitioner, IBRAHIM FARAG, appearing pro se, and respectfully
submits this combined memorandum in response to the Respondents' recent
submission filed on June 11, 2025, and further moves this Honorable Court to
issue an Order to Show Cause pursuant to Florida Statute § 57.105. Petitioner
asserts that Respondents' counsel has engaged in conduct intended to mislead
the Court, delay proceedings, and overwhelm the pro se litigant with unsupported
and improper filings. The conduct warrants judicial intervention and sanctions.
I. RESPONSE TO RESPONDENTS' MEMORANDUM FILED JUNE 11, 2025
Respondents' memorandum was filed after the Clerk's Default was entered on
May 28, 2025, and after Petitioner formally revoked representation and began
appearing pro se on June 6, 2025.
The memorandum fails to cite admissible evidence or submit any supporting
documentation, relying solely on argumentative narrative.
Statements made in the memorandum contradict prior sworn declarations by the
Respondents in other jurisdictions, including Egypt.
Respondents attempt to invalidate legal documents and relationships (such as
powers of attorney and financial records) without presenting counter-evidence.
The memorandum improperly characterizes legitimate documents as defamatory
while offering no legal basis for such claims.
II. MOTION FOR ORDER TO SHOW CAUSE AND SANCTIONS UNDER FLA. STAT. §
57.105
Despite the entry of default, Respondents' counsel has continued to file materials
which are not supported by fact or law, in violation of Fla. Stat. § 57.105.
Said filings are devoid of legal argument, lack evidentiary basis, and instead rely
on inflammatory rhetoric and mischaracterizations.
The pattern of filing post-default pleadings without Court leave is improper and
should be addressed by this Court.
Petitioner requests that the Court issue an Order to Show Cause requiring
Respondents' counsel to justify their filings.
Petitioner further seeks sanctions as permitted under § 57.105 and requests that
Respondents' counsel be barred from filing additional pleadings without prior
approval or valid supporting documentation.
Petitioner further asserts that several factual claims made by Respondents'
counsel are demonstrably false and unsupported by any documentation. The
ongoing pattern of submitting baseless accusations, without any evidentiary
foundation, constitutes a deliberate attempt to mislead the Court. Petitioner
respectfully reserves the right to initiate disciplinary action before The Florida Bar
against Respondents' counsel if such conduct continues or if no proof is

provided to substantiate the claims presented in their filings.

III. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests this Honorable Court to grant the following relief:

Strike the Respondents' memorandum filed on June 11, 2025;

Issue an Order to Show Cause pursuant to Fla. Stat. § 57.105 against Respondents' counsel;

Impose sanctions for frivolous and improper filings;

Restrict future filings by Respondents' counsel unless approved by Court and supported by evidence;

Grant any other relief this Court deems just and proper.


Respectfully submitted,

/s/ Ibrahim Farag

Ibrahim Farag, Pro Se

2528 Frederick Douglass Blvd

New York, NY 10030

Phone: 727-244-9787

Email: ibrahim.topharman@gmail.com

Date: June 23, 2025

Patient Profile    User: Michele Lenno  wks03 Alt+F1  WS: CHAN's  17 Jun 2025 12:04:7 PM

| | FARAG, IBRAHIM SHEHAT | | | | | Phone Number (727) 244-9787 | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | DOB 02/12/1990  Age 35 Years | Gender Male | | Txt Msg YES | | Address | 2528 FREDERICK DOUGLASS B, NEW YORK. NY 10030 | | | |

**ENTERPRISE PATIENT** — Note: Select "EP" for Enterprise Profile

| # | | | Status | | | Prescriber | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | FLUOXETINE HCL 20 MG CAPSULE | 05/20/2025 | Active | 30 | 0.00 | ADAM, ANTOINE | 02737 | 2982061 | 00 | 0 | 0 |
| | TAKE 1 CAPSULE BY MOUTH EVERY DAY NY MEDICAID | | | | | | | | | | |
| 2 | PREGABALIN 75 MG CAPSULE | 05/20/2025 | Active | 60 | 0.00 | ADAM, ANTOINE | 02737 | 2982060 | 00 | 0 | 0 |
| | TAKE 1 CAPSULE ORALLY EVERY 12 HOURS IN THE MORNING AND NIGHTLY NY MEDICAID | | | | | | | | | | |
| 3 | FLULAVAL TRIVALENT 2024–25 SYR | 10/23/2024 | Active | 0.5 | 0.00 | WADHWANI,JAI | 10826 | 0479408 | 00 | 0 | 0 |
| | PHARMACY ADMINISTERED NY MEDICAID | | | | | | | | | | |

♡ **Immunization Gaps Identified**

Search (Drug name), Sort (SO), Filter (FI), Refresh (R),Exit (X)

FILED PROBATE COURT RECORD
JUN 09 2025
KEN BURKE
CLERK CIRCUIT COURT

19-008078-ES

1:57    .ıll 5G 🔋

‹ **Presc**ː      **AirPods**
                 Connected      💬  🛒

( ⚖ **Filters** )  ( **Last 6 months** )

2 prescriptions

## Fluoxetine Hcl 20 Mg Capsule

Last picked up  May 20, 2025     0 fills left

Prescribed by:   Antoine Adam

Available for renewal on Jun. 12, 2025



## Pregabalin 75 Mg Capsule

Last picked up  May 20, 2025     0 fills left

Prescribed by:   Antoine Adam

**SMART TRANSLATIONS**    19-008078-ES

AUTHORIZED BY INTERNATIONAL FEDERATION OF TRANSLATORS- BRITISH EMBASSY- AMERICAN EMBASSY-
GERMAN CHAMBER OF COMMERCE CAIRO - LANGUAGE INDUSTRY CERTIFICATION SYSTEM

**TRANSLATION**

D97/88/6AE_11//205890

**DR. MAGDY M. ARAFA**
**PSYCHIATRIC CONSULTANT**
ADD.: 25 Dokki St., above Abdel Rahim Amr - Tel.: 0237603447
Appointments: Daily from 4 pm to 11 pm except Friday

Date: 20/04/2020
**MR. IBRAHIM SHEHATTA**
**Complain:**

FILED
PROBATE COURT RECORDS
JUN 09 2025
KEN BURKE
CLERK CIRCUIT COURT

R/ **Paroxetine 20 mg**
Tablet / morning & evening

**Prazosine 2.5 mg**
Tablet / evening

**Fluoxetine 20 mg.**
Tablet / morning & evening

truly,
DR. MAGDY M. ARAFA
PSYCHIATRIC CONSULTANT

The document was translated at the Translations Department of
SMART TRANSLATIONS Office. We do hereby certify that, to the
best of our knowledge and belief, the foregoing translation is correct
and true to the original and the translator is competent to translate.
This 9th day of JUNE 2025

**New Cairo Branch**: Business Gate, 3rd floor, Office # 01, Cairo, Egypt.
**Nasr City Branch:** Golden Gates Admin bldg., Office # 02, Cairo, Egypt.
**Mokattam Branch:** Mehwar Elshahid Entran., Office # 03, Cairo, Egypt
T.: (+2) 01004020140 - 01065792383 - (+202) 256-46-162 - F.: (+202) 256-46-162
http// www.smart96.net – E-mail: smart@smart96.net

**SMART TRANSLATIONS** الترجمة المعتمدة

AUTHORIZED BY INTERNATIONAL FEDERATION OF TRANSLATORS- BRITISH EMBASSY- AMERICAN EMBASSY
GERMAN CHAMBER OF COMMERCE CAIRO- LANGUAGE INDUSTRY CERTIFICATION SYSTEM

**TRANSLATION**

D97/88/6AE_11//205890

**DR. MAGDY M. ARAFA**
**PSYCHIATRIC CONSULTANT**
ADD.: 25 Dokki St., above Abdel Rahim Amr - Tel.: 0237603447
Appointments: Daily from 4 pm to 11 pm except Friday

Date: 06/09/2019
**MR. IBRAHIM SHEHATTA**
Complain:

R/ **Zyprexa 10 mg,**
One tablet / evening

**Prazosine 2.5 mg**
One Tablet / evening

**Paroxtine 20 mg.**
Tablet / morning & evening

**Fluoxetine 20 mg**
Tablet / after launch

truly,
DR. MAGDY M. ARAFA
PSYCHIATRIC CONSULTANT

---

The document was translated at the Translations Department of SMART TRANSLATIONS Office. We do hereby certify that, to the best of our knowledge and belief, the foregoing translation is correct and true to the original and the translator is competent to translate. This 9th day of JUNE 2025

**SMART TRANSLATIONS**

الترجمة المعتمدة

*AUTHORIZED BY INTERNATIONAL FEDERATION OF TRANSLATORS- BRITISH EMBASSY- AMERICAN EMBASSY*
*GERMAN CHAMBER OF COMMERCE CAIRO - LANGUAGE INDUSTRY CERTIFICATION SYSTEM*

**TRANSLATION**

D97/88/6AE_11//205890

**DR. MAGDY M. ARAFA**
**PSYCHIATRIC CONSULTANT**
ADD.: 25 Dokki St., above Abdel Rahim Amr - Tel.: 0237603447
Appointments: Daily from 4 pm to 11 pm except Friday

Date: 13/10/2020
**MR. IBRAHIM SHEHATTA**
Complain:

R/ **Paroxetine 20 mg**
Tablet / morning & evening

**Prazosine 5 mg**
Tablet / evening

**Fluoxetine 20 mg.**
Tablet / morning & evening

**Zolam 2.5 mg**
Tablet / morning & evening

truly,
DR. MAGDY M. ARAFA
PSYCHIATRIC CONSULTANT

The document was translated at the Translations Department of SMART TRANSLATIONS Office. We do hereby certify that, to the best of our knowledge and belief, the foregoing translation is correct and true to the original and the translator is competent to translate it. This 9th day of JUNE 2025

**New Cairo Branch:** Business Gate, 3rd floor, Office # 9, Cairo, Egypt.
**Nasr City Branch:** Golden Gates Admin bldg., Office # 92, Cairo, Egypt.
**Mokattam Branch:** Mehwar Elshahid Entran., Office # 69, Cairo, Egypt.
T.: (+2) 01004020140 – 01065792383 – (+202) 256-46-162 – F.: (+202) 256-46-162
http// www.smart96.net – E-mail: smart@smart96.net

**SMART TRANSLATIONS**

AUTHORIZED BY INTERNATIONAL FEDERATION OF TRANSLATORS- BRITISH EMBASSY - AMERICAN EMBASSY
GERMAN CHAMBER OF COMMERCE CAIRO - LANGUAGE INDUSTRY CERTIFICATION SYSTEM

**TRANSLATION**

D97/88/6AE_11//205890

**DR. MAGDY M. ARAFA**
**PSYCHIATRIC CONSULTANT**
ADD.: 25 Dokki St., above Abdel Rahim Amr - Tel.: 0237603447
Appointments: Daily from 4 pm to 11 pm except Friday


Date: 10/12/2019
**MR. IBRAHIM SHEHATTA**
**Complain:**


R/ **Zyprexa 5 mg,**
One tablet / evening


**Paroxtine 20 mg.**
Tablet / morning & evening

**Prazosine 2.5 mg**
Tablet / evening


**Fluoxetine 20 mg**
Tablet / morning & evening

truly,
DR. MAGDY M. ARAFA
PSYCHIATRIC CONSULTANT


The document was translated at the Translations Department of
SMART TRANSLATIONS Office. We do hereby certify that, to the
best of our knowledge and belief, the foregoing translation is correct
and true to the original and the translator is competent to translate.
This 9th day of JUNE 2025

New Cairo Branch: Business Gate, 3rd floor, Office 4 Cairo, Egypt.
Nasr City Branch: Golden Gates Admin bldg., Office 02 Cairo, Egypt
Mokattam Branch: Mehwar Elshahid Entran., Office 06, Cairo, Egypt
T.: (+2) 01004020140 - 01065792383 - (+202) 256-46-162 – F. (+202) 256-46-162.
http// www.smart96.net – E-mail: smart@smart96.net



Dr
**Magdy M Arafa**
Psychiatric Consultant

مجـدى محمـد عرفـه

Name: ـ ابراهيم شحاته          Date: و 6 / 9 / 20
Complain: ـ

℞/ Zypreta long
قرص صباحا ١

Prazosine 2,5 mg
قرص مساء ١

Paroxtine 20 mg
قرص صباحا مساء ١

F luoxtine 20 mg
قرص بعد الغذاء
د/ بكرى محمد مرتضى
إستشارى الأمراض النفسية

0237603447     ٢٥ شارع الدقى أعلى عبد الرحيم عمرو

---



Dr
**Magdy M Arafa**
Psychiatric Consultant

مجـدى محمـد عرفـه

Name: ـ ابراهيم شحاته          Date: 20/ 4 /20
Complain: ـ

℞/ Paroxtine 20 mg
قرص صباحا ورس ١

prazosine 2,5 mg
قرص مساء ١

Fluoxtine 20 mg
قرص صباحا مساء ١

د/ بكرى محمد عرفه
إستشارى الأمراض النفسية

0237603447     ٢٥ شارع الدقى أعلى عبد الرحيم عمرو

---

Dr
**Magdy M Arafa**
Psychiatric Consultant

مجـدى محمـد عرفـه

Name: ـ ابراهيم شحاته          Date: 10 / 12 /20
Complain: ـ

℞/ Zypreta 5 mg
قرص مساء ١

Paroxtine 20 mg
قرص صباحا وسط ١

Prazosine 2,5 mg
قرص مساء ١

Fluoxtine 20 mg
قرص صباح مساء ١

---

Dr
**Magdy M Arafa**
Psychiatric Consultant

مجـدى محمـد عرفـه

Name: ـ ابراهيم شحاته          Date: 13 / 10 /20
Complain: ـ

℞/ paroxtine 20 mg
قرص صباحا وسط ١

Prazosine 5 mg
قرص بعد الغذاء

Fluoxtine 20 mg
قرص صباح نادس وسط ١

Zolam 0,5 mg
قبل النوم

Scanned with CamScanner

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
PROBATE DIVISION**

IN RE: ESTATE OF MOHSEN KHALAF
HANNA,

       Case No: 19-008078-ES

     Deceased.

IBRAIHIM FARAG,

     Petitioner,

v.                                      Adversary Proceeding

MAGDA KHALAF BISHARA, as Personal
Representative of the Estate of Mohsen
Khalaf Hanna,

     Respondent.
_____/

**EXHIBIT "A"**

محكمة شمال القاهرة الابتدائية
محكمة جنح مصر الجديدة

حـــــــكـــــــم

بـــــــــــاســــــــــم الـــشـــعــــــب

محكمة جنح مصر الجديدة بجلستها العلنية المنعقدة يوم الخميس الموافق ٨ /٩ /٢٠٢٠

تحت رئاسة السيد / احمد شرف الدين    رئيس المحكمـــة

و الـــسيد / يوسف الشاذلي              وكيل النيابة

والأستاذ / فيما هم علنا ؟              امين السر

قضية النيابة العمومية رقم ٢٤٩١ لسنة ١٩ ج جنح مصر الجديدة

ضد

ابراهيم شحاتة جرجس ن .ج

بعد سماع المرافعة و مطالعة الأوراق.

يتحصل وجيز الدعوى حسبما يستبان من سائر أوراقها و مستنداتها في أن النيابة العامة قدمت المتهم ذلك على سند من القول انه بتاريخ                بدائرة قسم مصر الجديدة سرق المنقولات المبينة الموصفة وقيمة وصفا وقيمة بالأوراق والمملوكة للمجني عليه / ما حده مكنا عنا           على النحو المبين بالأوراق .

وطلبت عقابه بالمادة                من قانون العقوبات

وقدمت الأوراق للمحاكمة الجنائية

وحيث انه عن الموضوع  ولما كان المقرر ان جريمة السرقة فى التشريع المصرى هى سرقة مال منقول مملوك للغير بنية تملكه ومن ثم فإنه يستلزم لتوافر ها اركان وهى

أولا موضوع ينصب عليه الفعل          ثانيا ركن مادى قوامه الاختلاس

ثالثا ركن معنوى يتخذ صورة القصد ويقيم بين عناصره "نية التملك"واشترط المشرع لتوافر موضوع السرقة ان يكون موضوع السرقة مال زو كيان مادى وان يكون منقول فى حيازة غير السارق ـ كما اشترط المشرع لقيام جريمة السرقة توافر الاختلاس القيام جريمة السرقة وهو القائم على عمل الاختلاس ويترتب على هذا الفعل نتيجة وهو خروج الشئ موضوع الجريمة من حيازة المجنى عليه وصيرورته فى حيازة شخص اخر ـ ويتعين ان ترتبط هذه النتيجة بالفعل بعلاقة السببية واشترط المشرع ايضا ركن معنوى وهو القصد الجنائى

ولما كانت جريمة السرقة من الجرائم التى اشترط المشرع لقصد خاص قوامه نية التملك للمال موضوع السرقة

كما انه من المقرر (ان المقصود بالاختلاس فى قانون العقوبات محمود نجيب حسنى ص ٨١٠ وما بعدها )

على الشئ المسروق استيلاء تاما يخرجه من حيازة صاحبه ويجعله فى قبضة السارق وتحت تصرفه

(طعن ٥٣٣٧ س٦٤ ق فى ٢٠٠٠/١/٥ )

وليس بشرط فى جريمة السرقة ان يوجد المال المسروق ويتم ضبطه فاذا كان الثابت بالحكم ان المتهم سرق مبلغا نقديا من المجنى عليه بطريق الاكراه فان ادانته من اجل السرقة لهذا المبلغ تكون صحيحة ولو كان المبلغ لم يضبط

(طعن ٣٥٩٣ س ٦٧ ق فى ٢٠٠٤/٥ /١٩٨٤)

وان القصد الجنائى فى جريمة السرقة قوامه علم الجانى وقت ارتكاب الفعل انه يختلس منقولا مملوكا للغير من غير رضاه بنية تملكه

(طعن ٥٢٤٩ س ٦٢ ق فى ١٩ /٤ /١٩٩٤ )

حيث ما تقدم وأخذا " فإن التهمة ثابتة فى حق المتهم ثبوتا " يقينيا " أخذا " بما جاء بالأوراق من أقوال ضابط الواقعة  ومن تحريات للشرطة التى تطمئن إليها المحكمة لمساندتها و  من ثم تقضى المحكمة بمعاقبته  بمواد الاتهام وبالمادة ٣٠٤ ٢/ إجراءات وتلزمه بالمصاريف عملا بالمادة ٣١٣ إجراءات جنائية.

فلهذه الأسباب

حكمت المحكمة غيابيا بحبس المتهم سنـة  مع الشغل والثلاث والمصاريف . وألزمت المتهم المصاريف ل ف ك

امين السر                          رئيس المحكمة



**U.S. Language Services L.L.C.**
info@uslanguageservices.com | +1-240-673-2933
3 Bethesda Metro Center, Suite 700
Bethesda, Maryland, 20814 - USA



American Translators Association
Corporate Member: M-101886

# Certification of Translation Accuracy

**Translation of a Court Judgment from Arabic to English**

**Furnished on June 5, 2025**

As an authorized representative of U.S. Language Services LLC, a professional translation services agency, I hereby certify that the above-mentioned document has been translated by Mariem Ahmed ( **Mariem Abdelaal Ahmed** ) an experienced, qualified and competent professional translator, fluent in the above-mentioned language pair and that, in our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every respect a complete and accurate translation of the original document. This document has not been translated for a family member, friend, or business associate.

Accordingly, as an authorized representative of U.S. Language Services LLC, I verify that I have proofread this document and I certify that the attached document is a faithful and authentic translation of its original. This is to certify the correctness of the translation only. We do not make any claims or guarantees about the authenticity or content of the original document. Furthermore, U.S. Language Services LLC assumes no liability for the way in which the translation is used by the customer or any third party, including end users of the translation.

A copy of the translation is attached to this certification.

*Alyssa Morse-Salvati*

---------------------------------------------

Alyssa Morse-Salvati

U.S. Language Services LLC

Order Date: June 5, 2025

U.S. Language Services LLC verifies the credentials and/or competency of its translators and this certification, as well as any attached pages, serves to affirm that the document(s) enumerated above has/have been translated as accurately as possible from its/their original(s). U.S. Language Services LLC does not attest that the original document(s) is/are accurate, legitimate, or has/have not been falsified. By having accepted the terms and conditions set forth in order to contract U.S. Language Services LLC's services, and/or through presenting this certificate, the client releases, waives, discharges and relinquishes the right to present any legal claim(s) against U.S. Language Services LLC. Consequently, U.S. Language Services LLC cannot be held liable for any loss or damage suffered by the Client(s) or any other party either during, after, or arising from the use of U.S. Language Services LLC's services.

**North Cairo First Instance Court**

**Heliopolis Misdemeanor Court**

## Court Judgment

### In the Name of the People

The Heliopolis Misdemeanor Court, in its public session held on Saturday, 02/08/2020,

under the presidency of Mr. Ahmed Sharaf El-Din, Chief Judge,

and Mr. Youssef El-Shazly, Public Prosecutor

and Mr. [Illegible] Abdel Fattah, the Court Clerk

Public Prosecution Case No. 4291 of 2019, Heliopolis Misdemeanors

against

### Ibrahim Shehata Gerges Farag

Having heard the pleadings and reviewing the documents

The summary of the case, as evident from all its papers and documents, is that the Public Prosecution presented the Accused Party

on the ground that on [_____], within the jurisdiction of Heliopolis Police Department, the Accused Party stole the movable property specified in description and value in the papers, owned by the victim / Majda Khalaf Mena as indicated in the documents.

The prosecution requested his punishment under Article No.      of the Penal Code and the documents were submitted to the criminal court

Regarding the merit, it is established that the crime of theft in Egyptian legislation is the theft of movable property owned by another with the intent to own it, and therefore its elements must be present, which are: First: A subject upon which the act is directed.

Second: A material element consisting of embezzlement/taking.

Third: A moral element taking the form of intent, establishing the intention to own among its components. The legislator stipulated for the presence of the subject of theft that the subject of theft must be a tangible asset, not owned by the thief, and movable property in the possession of a person other than the thief. The legislator also stipulated for the crime of theft to be established that the material element of committing the crime of theft, which is based on the act of embezzlement, must be present, and this act results in a consequence, which is the removal of the item subject to Theft from the possession of the victim and becoming in the possession of another person and this result must be linked to the act due

to the causal link, and also the legislative requirement for the moral element, which is criminal intent.

Whereas, the crime of theft (illegible), the legislator requires a special intent, which is the intention to own the property subject to the theft,

(Penal Code, Mahmoud Naguib Hosni, p. 810 et seq.)

It is also established that possession of stolen property is complete by taking full control of it, removing it from the owner's possession, and placing it under the thief's control and disposal.

(Appeal No. 5337 of 64 Judicial Year on 01/05/2000)

It is not a condition in the crime of theft that the stolen money be found and seized. If it is proven by the judgment that the Accused Party stole a sum of money from the Victim by coercion, then his conviction for the theft of this amount is correct, even if the amount was not seized.

(Appeal No. 3593 of 67 Judicial Year on 05/03/1984)

In addition, the criminal intent in the crime of theft is based on the Accused Party's knowledge at the time of committing the act that he is embezzling movable property owned by another without their consent with the intention of owning it.

(Appeal No. 5249 of 62 Judicial Year on 04/19/1994)

Based on the foregoing, the charge is definitively established against the Accused Party "Certainly," based on the statements of the incident officer in the documents and Police investigations that the court trusts. Therefore, the court sentences him in accordance with the articles of accusation and Article 304/2 Procedures, and obliges him to pay the expenses in accordance with Article 313 of the Criminal Procedures Law.

**For these Reasons,**

The court, in absentia, sentenced the Accused Party to one year in prison with labor and enforcement, and costs, and prosecutor's request referred to the civil court with jurisdiction.

| **Court Clerk** | **Chie Judge** |
|:---:|:---:|
| [Handwritten Signature] | [Handwritten Signature] |

[Illegible Seal]