UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IBRAHIM SHEHATTA GERGES
FARAG,

    Plaintiff,

v.                                   CASE NO. 8:25-cv-3056-SDM-AEP

ROBERT PERSANTE et al,

    Defendants.
_____/

## ORDER

Appearing *pro se*, Ibrahim Shehatta Gerges Farag sues (Doc. 1) Robert Persante (the lawyer) and Persante Zuroweste, P.A. (the firm). The defendants move (Doc. 5) to dismiss, and the plaintiff responds. (Doc. 6)

## BACKGROUND

The plaintiff was a party to a probate proceeding (the probate) concerning the estate of Mohsen Khalaf Hanna (the decedent) in the Pinellas County Circuit Court (the state court). The lawyer represented Magda Khalaf Bishara (the personal representative).

On April 23, 2024, in response to the plaintiff's "Petition for Administration," (plaintiff's petition) the state court found that the plaintiff had submitted "inadequate information," determined that "[c]ounsel will be need[ed] to represent [the plaintiff]

in this type of action," and provided contact information for "Free and Low-Cost options" for legal services. (Doc. 1 at 41)

On June 6, 2024, and without legal representation, the plaintiff moved for entry of a default against the personal representative on the ground that "[m]ore than 20 days have passed with no appearance or response filed." The plaintiff alleges that the state court granted a default but fails to attach the order. (Doc. 1 at 7) The default was apparently not granted, because the probate continued for more than a year after the motion for entry of a default.

On June 9, 2024, the plaintiff filed a notice terminating the representation of a lawyer who apparently represented the plaintiff earlier and stated — despite the state court order mandating the plaintiff to retain counsel — that the plaintiff would appear *pro se* for the remainder of the probate. (Doc. 1 at 45)

On October 20, 2025, the personal representative moved to dismiss the plaintiff's (unattached) petition.[1] (Doc. 1 at 85) The state court motion to dismiss (the contested motion) alleges that the plaintiff stole from the decedent "Rolex watches, a significant amount of cash, and account statements detailing the decedent's assets." (Doc. 1 at 76) This allegation is consistent with an attached judgment, translated from Arabic, issued by the North Cairo First Instance Court, which found that the plaintiff "stole the movable property . . . owned by the [decedent]." (Doc. 1 at 102)

---

[1] Apparently, the plaintiff requested appointment of himself as personal representative. (Doc. 1 at 84)

The judgment sentenced the plaintiff to one year in prison with labor and prompted the plaintiff to flee Egypt. (Doc. 1 at 76, 102)

The contested motion states that the plaintiff falsely averred that the personal representative caused an Egyptian newspaper to publish an article stating that the plaintiff was in a same-sex relationship with the decedent. (Doc. 1 at 7)

The contested motion discusses a "marriage license" submitted by the plaintiff. Although the import of the license is unclear, the contested motion states that the "address listed on the 2017 marriage record . . . appears to be the address of the Element New York Times Square West hotel, not a residential apartment building, and which appears to have been operating since 2010." (Doc. 1 at 76–77)

The contested motion alleges that the plaintiff "has launched a series of personal attacks on [the personal representative] and her family, including threatening to kill her . . . brother . . . and falsely contacting [her] children to claim that they were fathered by someone other than her husband." (Doc. 1 at 77)

The contested motion argues that the plaintiff's petition is procedurally improper because the plaintiff's petition requests the state court to revoke probate and remove the personal representative — an impossible outcome given that the state court released the personal representative and confirmed completion of probate more than five years before the plaintiff's petition. (Doc. 1 at 80)

The contested motion argues that the petition's request to revoke probate based on alleged fraud is also time-barred under Florida Rule of Civil Procedure 1.540(b), which permits a party to seek relief from a final judgment no later than one

- 3 -

year after entry of the judgment, except in circumstances not pertinent here. (Doc. 1 at 81)

Finally, the contested motion argues that the plaintiff's requested appointment as personal representative is improper based on the plaintiff's character and his hostility toward parties interested in the estate. (Doc. 1 at 84)

The plaintiff alleges that the statements contained in the contested motion are false, including the assertions that the plaintiff threatened to kill the decedent's brother, denied the parentage of the decedent's children, burglarized the decedent's apartment, and fled Egypt to avoid prosecution. (Doc. 1 at 14)

In addition to the motion to dismiss, the personal representative moved to strike the plaintiff's evidently unauthorized and allegedly "immaterial" *pro se* filings and opposed the plaintiff's motion to appoint an Arabic-language interpreter. (Doc. 1 at 41, 69, 80)

Based on three motions filed in state court in connection with a probate that concluded five years earlier, the plaintiff sues the lawyer and the firm and seeks $20,000,000 in damages for an array of alleged statutory and constitutional violations.

## DISCUSSION

### The Defendants' Conduct is Protected by the Litigation Privilege

"[T]he litigation privilege . . . can be adjudicated on a motion to dismiss if the applicability of the privilege can be clearly discerned from the face of the complaint." *Latam Invs., LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 245 (Fla. 3d DCA 2011). "Defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry. [A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Insurance Co.,* 639 So.2d 606, 608 (Fla. 1994).

Under Section 733.303, Florida Statutes, "[a] person is not qualified to act as a personal representative if the person . . . [h]as been convicted of a felony . . . [h]as been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult . . . [or is] mentally or physically unable to perform the duties." The challenged statements concerning the plaintiff's character, mental soundness, criminal conviction, and threats of violence bear directly on the plaintiff's qualification as a prospective personal representative. Because those statements have "some relation to the proceeding," they "are absolutely privileged." *Levin*, 639 So.2d at 608. Accordingly, to the extent any claim depends on an allegedly defamatory statement by any defendant during the probate and relating to the plaintiff's suitability to serve as representative, the claim fails.

### Count I

The basis of Count I is that the state court entered a clerk's default on April 23, 2024, which is purportedly evidenced by Exhibit 1 of the complaint. However, Exhibit 1 is not an entry of default but states that "Counsel will need to Represent you in this type of case. Please call the following for Free and Low-Cost Options: Community Law Program (727) 582-7480 and Gulfcoast Legal Services (727) 821-0726 for Assistance." (Doc. 1 at 41)

The plaintiff, citing Exhibit 3, states that "[o]n May 28, 2024, the [state] Court entered a formal Certificate of Default against [the personal representative]." However, Exhibit 3 is not an order granting a default but the plaintiff's motion for a default, which apparently was never entered. (Doc. 1 at 43)

The plaintiff, citing Exhibit 5, asserts that the lawyer appeared in the state-court action "without any lawful authority or court approval." However, Exhibit 5 is the lawyer's notice of appearance, filed in accord with the Florida Rules of Civil Procedure and the Florida Rules of General Practice and Judicial Administration. (Doc. 1 at 46).

The claim fails.

### Counts II, III, IV, and V

The basis of Counts II, III, IV, and V is the plaintiff's disagreement with the arguments of the lawyer during the probate. As such, Counts II, III, IV, and V are barred by the litigation privilege. Also, the plaintiff cannot establish jurisdiction over Counts II, III, IV, or V because the relief sought would require a prohibited re-adjudication of

the probate. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Alexander Kaplan v. Leon Kaplan*, 903 F. Supp. 2d 1304, 1309 (M.D. Fla. 2012) (Merryday, J.), *aff'd*, No. 14-12212 (11th Cir. Aug. 4, 2015) (per curiam) ("Containing a comprehensive set of rules, a heightened standard of personal-representative liability, and an array of procedures for personal-representative exoneration, the Florida Probate Code intends to protect the personal representative from exhausting and expensive collateral litigation, to promote the service of an attentive and qualified personal representative, and ultimately to preserve the resources of the estate through the orderly administration of probate.").

In Count II, the plaintiff misquotes Section 733.903, Florida Statutes, as providing that "after discharge, further administration of the estate may be granted if other property of the estate is discovered or if it is necessary for any other purpose." That language does not appear in the statute. Section 733.903 provides instead: "The final settlement of an estate and the discharge of the personal representative shall not prevent further administration. The order of discharge may not be revoked based upon the discovery of a will or later will."

Each claim fails.

### Count VI

The basis of Count VI is that the state court's August 6, 2025 order "explicitly found that the previous motion was unsupported by any evidence." However, the August 6, 2025 motion simply states "set a CMC by phone to discuss status of the case + the hearing time." (Doc. 1 at 86–87)

Also, Count VI contains additional misstatements. The plaintiff cites "*Holt v. Crown Builders, Inc.*, 627 So.2d 1221 (Fla. 2d DCA 1993)" and "*Bennett v. Bivins*, 685 Case 8:25-cv-03056-SDM-AEP," neither of which exists.

The claim fails.

### Count VII

The basis of Count VII is that the contested motion caused the plaintiff emotional distress. The claim fails.

### CONCLUSION

The motion to dismiss is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE.** No later than **FEBRUARY 16, 2026,** Farag may file an amended complaint. If no amended complaint is filed on or before **FEBRUARY 16, 2026**, an order will dismiss the action (the case will end). If Farag fails to state a claim in the amended complaint, an order will dismiss the action.

In any amended complaint and in addition to resolving the deficiencies described earlier, the plaintiff must (1) plead his complaint in separate claims for relief and include no more than one claim for relief in each count of the amended complaint; (2) state above each count in the form of a title or a heading the name of one and only one claim for relief that the count alleges and whether the claim is based on federal law or based on state law; (3) separate or identify the facts that sup-port each count from the facts that support another count or counts; and (4) utilize permissible typeface and font size as prescribed under Local Rule 1.08. For each alleged claim, the plaintiff should provide facts revealing who committed each important act or

omission, what each person did or failed to do, when and where the act or omission occurred, how the act or omission affected the plaintiff, and the amount of monetary loss or other injury the plaintiff sustained as a result.

## **A CAUTION TO FARAG**

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a pro se party, in conducting an action. Therefore, Farag is strongly advised to obtain legal advice and assistance — preferably full representation — from a member of The Florida Bar.

To the extent he intends to continue to represent himself in this action, Farag should familiarize himself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/local-rules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Also, Farag can consult the "Litigants Without Lawyers" guide at https://www.flmd.uscourts.gov/litigants-without-lawyers.

Farag is **WARNED** that if he or anyone assisting him used generative artificial intelligence to draft the complaint, any further use of generative artificial intelligence resulting in a citation to nonexistent authority, a misquotation of existing authority, or a patent misrepresentation of the record may result in a sanction against Farag under Rule 11, Federal Rules of Civil Procedure.

**ORDERED** in Tampa, Florida, on January 26, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE